May Term,
1858.

THE BOARD
OF TRUSTEES,
&c.,
v.
MAYER.

*ux.* v. *Jennings,* 5 Blackf. 195.—*Duncan et al.* v. *Duncan et al.,* 6 Ind. R. 28.—*Stephenson* v. *Doe,* 8 Blackf. 508.—*Lunning* v. *The State,* 9 Ind. R. 309.—*Butler* v. *Palmer,* 1 Hill, (N. Y.,) 324. And if this is true, when the statute is repealed during the pendency of the action, *a fortiori,* it must be true where the statute was repealed, as in this case, before the action was begun.

THE BOARD OF TRUSTEES OF THE WABASH AND ERIE CANAL *v.* MAYER.

In an action against the trustees of the *Wabash and Erie Canal* for the killing of a horse by the falling of a bridge, the complaint did not aver that the plaintiff exercised reasonable care, nor that the injury happened without his fault. But one paragraph of the answer set up affirmatively that the injury happened through the carelessness and negligence of the plaintiff, to which there was no reply. *Held,* that the defendant was entitled to judgment on the pleadings, notwithstanding a verdict for the plaintiff.

*Friday,*
*June* 18.

APPEAL from the *Fountain* Court of Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellants, to recover damages for the killing of a horse, by the falling of a bridge across the *Wabash and Erie Canal,* by the carelessness and negligence of the appellants, the said bridge being out of repair and wholly insufficient, and it being the duty of the appellants, as is alleged, to keep the same in repair.

An answer was filed, of several paragraphs, the fourth of which averred that if the horse was killed, it was through the carelessness and negligence of the plaintiff.

To this paragraph of the answer, there was no replication filed, but the cause was tried by a jury, which resulted in a verdict for the plaintiff, on which judgment was rendered, a motion for a new trial being overruled.

Amongst other things, it is assigned for error that the cause was tried without an issue, the fourth paragraph of the answer being a valid defense not denied, nor confessed and avoided.

May Term,
1858.

THE BOARD
OF TRUSTEES,
&c.,
v.
MAYER.

It is clear, that if the injury complained of occurred through the negligence and carelessness of the plaintiff, he cannot recover.

In 2 Greenl. Ev. § 473, it is said that, "ordinarily, every person is bound to use reasonable care to avoid or prevent danger or damage to his person and property. Wherever, therefore, the injury complained of would never have existed but for the misconduct or culpable neglect of the plaintiff, as in the case of an obstruction within the limits of a highway, but outside of the traveled path, against which he negligently drove his vehicle; or in the case of a collision at sea; or, of his neglect to shore up his own house, for want of which it was injured by the pulling down of the defendant's adjoining house, notwithstanding due care taken by the latter; in these and the like cases the plaintiff cannot recover, but must bear the consequences of his own fault. * * * If the injury is *wholly imputable* to *the defendant*, it is perfectly clear that he is liable. * * * * If the fault was *mutual*, the plaintiff cannot recover."

Numerous other authorities to the same effect might be cited, were it necessary.

The complaint in the case does not aver that the plaintiff exercised reasonable care, nor that the injury happened without his fault. In the case of *The President, &c., of the town of Mt. Vernon* v. *Dusouchett et al.* 2 Ind. R. 586, it was held that such an allegation was necessary in a declaration for an injury caused by a public nuisance in a street.

The fourth paragraph of the answer, however, sets up affirmatively that the injury happened through the carelessness and negligence of the plaintiff. This cannot be considered as a mere denial of anything alleged in the complaint, especially as the complaint does not aver due care on the part of the plaintiff, nor negative his fault in the matter.

This paragraph we think amounts to an affirmative, substantial defense to the action, and not being traversed nor avoided, we think it was erroneous to render judgment for the plaintiff below.

May Term,
1858.

It is provided by statute (2 R. S. p. 121, § 372), that, "where upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the Court, though a verdict has been found against such party."

It is clear that on the pleadings in the case, the defendant was entitled to judgment, notwithstanding the verdict, as the matter set up in the answer not being denied, must be taken to be true.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded with leave to the parties to amend or perfect their pleadings.

*E. A. Hannegan* and *J. P. Usher*, for the appellants.