Riest *v*. The City of Goshen.

———————◇———————

## RIEST *v*. THE CITY OF GOSHEN.

CITY.—*Defective Bridge.*—*Liability for Injury to Persons.*—*Negligence.*— *Pleading.*—Where the complaint in an action against a city alleged that a certain bridge in said city was out of repair, and the planking loose, etc., and that after the plaintiff had driven his horses upon the bridge with a loaded wagon, and was using due and reasonable care on his part to draw forward said load, the horses were injured through the defects in the bridge;

*Held*, that the complaint was bad on demurrer, because its allegations did not show that the plaintiff used due care in driving upon the bridge, or that he was ignorant of the condition of the bridge, and because there was no general averment that the injury occurred without his fault. If the plaintiff knew of the true condition of the bridge when he drove upon it, there could be no recovery.

*Held*, also, that the negligence of the city, in not repairing the bridge, did not relieve the plaintiff from the duty of using due care.

APPEAL from the Elkhart Circuit Court.

BUSKIRK, J.—The only error of which the appellant complains is based upon the action of the court in sustaining a demurrer to the complaint. The material averments in the complaint were these:

| 42 | 339 |
|---|---|
| 126 | 223 |
| 42 | 339 |
| 132 | 14 |
| 42 | 339 |
| 134 | 160 |
| 42 | 339 |
| 138 | 22 |
| 42 | 339 |
| 143 | 428 |
| 42 | 339 |
| 147 | 40 |
| 147 | 330 |
| 42 | 339 |
| 160 | 275 |
| 42 | 339 |
| 165 | 364 |

That said defendant is a municipal corporation within said county and State, duly incorporated by the name of the city of Goshen; that as such, at the time of the injury hereinafter stated, it had the exclusive management, care, and control of all the streets, alleys, sidewalks, bridges, and public highways within its corporate limits, and was charged with the duty of keeping the same in repair and suitable to be used by all persons desiring to pass on the same, or travel thereon; that on the 4th day of March, 1870, a bridge theretofore erected over what is known as the old channel of the Elkhart river, where the Plymouth road leading from within the said city west to Plymouth, in Marshall county, in the said State, crossed the said channel of the said river, the said road being a public highway and street of said city, and the said bridge forming a part of said highway and street, and being within the corporate limits of said city, was suffered by said city to remain greatly out of repair, in a state of decay and insufficiency for the purpose for which it was erected, and dangerous to all who should pass on the same; the planking thereof being permitted, by said city, to remain loose and insecurely fastened, within the knowledge of said city and its officers; that on the said day the plaintiff by his servant and agent (as he lawfully might do) was passing over, and along said highway, street, and bridge, with his horse-team and wagon laden with staves, of the value of five hundred dollars, that when entering upon the west end of the said bridge, after the said horses had fully gained the same, and being entirely upon it, and while they were making ordinary effort to raise and draw forward the wagon so laden, as aforesaid, upon the said bridge, as aforesaid, within the corporate limits of said city aforesaid, and while using due and reasonable care on his part, the said bridge broke down and gave way; the said planking, from its insecure fastening, being displaced and broken, and precipitated the said horses into the openings so made, and caused them to be held and fastened by the timbers of said bridge, until, by their natural struggles,

during the efforts of the agent of the plaintiff to relieve them therefrom, they were greatly lacerated, bruised, and sprained, and so injured as to be of little or no value, and in all probability will cause their death; that the water of the Elkhart river does not pass through the channel over which the said bridge was erected, but that it does, and for the ten years last past, has passed and now passes through what is known as the new channel, several rods west of said bridge; that for the better description of said bridge, highway, street, and river, and the location of the old and new channels, the plaintiff files herewith a plan and map of the same, and invites reference thereto. Damages were claimed in the sum of three hundred dollars.

To this complaint a demurrer was sustained, and this ruling is assigned for error.

The first objection urged to the complaint is, that it does not sufficiently appear therefrom that the injury, of which the plaintiff complains, was not caused by the fault and negligence of the plaintiff or of his servant. Judge Dillon, in his new and very valuable work on municipal corporations, in speaking of the liability of cities caused by defective bridges or streets, says:

"It is also essential to liability that the plaintiff should have been using reasonable or ordinary care to avoid the accident, or, in other words, he must be free of any such fault or neglect on his part, as will in actions for negligence defeat a recovery." Dillon Municipal Corporations, 918, sec. 789.

The averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case. *The E. & C. R. R. Co.* v. *Dexter*, 24 Ind. 411; *The Michigan, etc., R. R. Co.* v. *Lantz*, 29 Ind. 528.

It will be observed that it is not alleged that the plaintiff used due and reasonable care to avoid the accident. It is averred that the bridge was suffered to become and remain greatly out of repair, and in a state of decay; that the

planking was loose; and that the city and officers knew of the dilapidated condition of the bridge; that while the bridge was in this condition, his servant drove his horse-team and wagon loaded with staves of the value of five hundred dollars upon it; and that during the time that the team was making ordinary efforts to draw forward the wagon so loaded, "and while using due and reasonable care on his part," the bridge broke down, etc. The allegation is, that the servant used due and reasonable care after the team and wagon had gotten upon the bridge, but it is not averred that he used due and reasonable care in driving upon, and attempting to cross the bridge; nor is it alleged that the plaintiff and his servant were ignorant of the true condition of the bridge. If it had been alleged that the injury had occurred without the fault or negligence of the plaintiff, this allegation would have been sufficient, unless it plainly and clearly appeared, from the other facts stated, that the injury had been produced by the fault and negligence of the plaintiff. The allegation of the complaint, that the servant of the plaintiff used due and ordinary care after the team and wagon were upon the bridge, is not equivalent to the allegation that the injury was caused without the fault or negligence of the plaintiff; for the servant of the plaintiff may have been guilty of the grossest carelessness in driving upon the bridge in its decayed and dilapidated condition. The law is well settled, that if the plaintiff or his servant knew of the true condition of the bridge when the team and wagon were driven upon it, he cannot, under such circumstances, recover.

*The President, etc.,* v. *Dusouchett,* 2 Ind. 586; *The Wayne County Turnpike Co.* v. *Berry,* 5 Ind. 286; *The Board of Trustees of the W. & E. Canal* v. *Mayer,* 10 Ind. 400; *The E. & C. R. R. Co.* v. *Hiatt,* 17 Ind. 102; *The I., P. & C. R. R. Co.* v. *Keeley's Adm'r,* 23 Ind. 133; *Wood* v. *Mears,* 12 Ind. 515; *The Jeffersonville R. R. Co.* v. *Hendricks' Adm'r,* 26 Ind. 228; *Fallon* v. *City of Boston,* 3 Allen, 38; *Gilman* v. *Inhabitants of Deerfield,* 15 Gray, 577; *Griffin* v. *Mayor, etc.,* 9 N. Y.

456; *Munger* v. *The Tonawanda R. R. Co.*, 4 Comst. 349; *Cobb* v. *Standish*, 14 Maine, 198; *Coombs* v. *Purrington*, 42 Maine, 332; *Davenport* v. *Ruckman*, 37 N. Y. 568; *Beatty* v. *Gilmore*, 16 Penn. St. 463 ; *Seward* v. *The Town of Milford*, 21 Wis. 485; *Weisenberg* v. *City of Appleton*, 26 Wis. 56; *Murphy* v. *Deane*, 101 Mass. 455 ; *Norris* v. *Litchfield*, 35 N. H. 271; *Lynch* v. *Smith*, 104 Mass. 52; *Hyde* v. *Jamaica*, 27 Vt. 443 ; *Lane* v. *Crombie*, 12 Pick. 177; *Holbrook* v. *The Utica, etc., R. R. Co.*, 12 N. Y. 236.

The next position assumed by counsel for appellant is, that the city was guilty of gross neglect in leaving the bridge open and in not notifying the public that it was in an unsafe and dangerous condition, and that such gross negligence would render the city liable, although the plaintiff was guilty of slight negligence in driving upon the bridge; and in support of this position we are referred to the following adjudged cases: *Sweeny* v. *Old C. & N. R. R. Co.*, 10 Allen, 368 ; *Elliott* v. *Pray*, 10 Allen, 378 ; *Carleton* v. *Franconia I. & S. Co.*, 99 Mass. 216; *Wendell* v. *Baxter*, 12 Gray, 494; *Indermaur* v. *Dames*, Law Rep. 1 C. P. 274; S. C., Law Rep. 2 C. P. 311 ; *McCullom* v. *Black Hawk County*, 21 Iowa, 409; *Brown* v. *Jefferson County*, 16 Iowa, 339; *Silvers* v. *Nerdlinger*, 30 Ind. 53.

We have examined all the above cases, and will proceed to make a brief review of the points involved and decided. The point decided in the first case referred to was, that, "if a railroad company have made a private crossing over their track, at grade, in a city, and allowed the public to use it as a highway, and stationed a flagman there to prevent persons from undertaking to cross when there is danger, they may be held liable in damages to one who, using due care, is induced to undertake to cross by a signal from the flagman that it is safe, and is injured by a collision which occurs through the flagman's carelessness."

In the above case the company had built the crossing, permitted the public to use it, provided an agent to notify the public when it was safe to cross, and the person injured

was induced to attempt to cross by the carelessness of the flagman. Yet, under all these circumstances, the company was held to be not liable, unless the plaintiff had used due care to avoid the accident.

The point decided in the second case, *supra*, was, that, "if there are two entrances to a store, and there is a trap-door between one of them and the stairs leading to the upper stories, which are verbally leased to a tenant with permission to use such entrance, the owners, who occupy the lower stories, are bound to use the trap-door with reference to the safety of those who have a right to pass there; and if they neglect to exercise suitable and reasonable precautions to guard against accident while the trap-door is open, they may be held liable in damages to a person having lawful occasion to pass to the upper rooms, who, while in the use of due care, falls through the trap-door and sustains injury by reason of their negligence."

We presume that no one would question the correctness of the ruling in the above case. The owners of the property carelessly left open a trap-door, by means of which the plaintiff fell through and was injured while using due care to avoid the injury.

The question decided in the third case referred to, *supra*, was, that "the owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation or inducement, expressed or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the land or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist and has given them no notice of."

The above ruling was unquestionable right. There was negligence on the part of the defendant, whose duty it was to repair or give notice, and the injury occurred without fault on the part of the plaintiff.

The fourth case cited, *supra*, was an action against the proprietors of a wharf, by a person who had been injured through a defect in the wharf, such person having used due care.

The court held that the defendants were legally bound to exercise (at least) ordinary diligence to keep their wharf safe for those who had a right to pass over it; as an innkeeper is bound to keep the access to his inn, and the passages and apartments in it, safe for those who may wish to enter, or who have entered it legally.

The case of *Indermaur* v. *Dames,* reported in 1 and 2 Law Reports, *supra,* was an action by a gasfitter against the owner of the premises, where the plaintiff had gone, at the request of such owner, to perform certain work, and who was injured by falling into a hole or shoot, used to raise sugar into the upper stories. The court very properly held the defendant liable, on the grounds that he had invited the plaintiff to come upon his premises; that the defendant had knowledge of the hole and its danger, while the plaintiff was ignorant of the existence of such hole, and was guilty of no carelessness.

The principles of law enunciated in the preceding cases are very clearly right, but we are unable to see their application to the case under consideration.

The Iowa cases were made to turn upon the question, whose duty it was to build and repair bridges. This question has been discussed by counsel in this case, but we do not deem it necessary to consider or decide the question. The point decided in the case of *Silvers* v *Nerdlinger,* 30 Ind. 53, is, that "the owner of a lot in a city, having, by permission of the city authorities, caused an excavation to be made in a sidewalk along which people are accustomed to pass, for the purpose of constructing an area by the side of a building to be erected on such lot, it is his duty to see that proper protection against injury to persons passing along the sidewalk is provided; and if, in consequence of such excavation being insufficiently guarded, a passer on the sidewalk falls in and is injured, without his own fault, the lot at the time, for the purpose of constructing the area and erecting the building under a contract, being in the exclusive possession of a third person, the contrac-

tor, who has complied with the stipulations of his contract, the owner is liable for the injury so received."

In none of the above cases was it held that the carelessness of the defendant relieved the plaintiff from exercising due care to avoid the injury.

We can see no error in the action of the court in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*W. A. Woods, A. S. Blake,* and *R. M. Johnson,* for appellant.

*J. H. Baker, J. A. S. Mitchell,* and *Wilson & Osborn,* for appellee.