## JACKSON *v.* THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

NEGLIGENCE.—*Complaint.*—*Contributory Negligence.*—In an action for damages for an injury to the person caused by the negligence of the defendant, it must appear from the complaint by express averment, or it must be clearly manifest from the facts alleged in the complaint, that the injury occurred without the fault or negligence of the plaintiff.

From the Vigo Common Pleas.

*J. H. Blake, D. W. Voorhees,* and *A. B. Carlton,* for appellant.

*M. A. Osborn,* for appellee.

OSBORN, J.—The appellant sued the appellee, to recover damages alleged to have been received whilst in the employ of the company.   A demurrer to the complaint, for the want of sufficient facts, was sustained ; he excepted, and judgment for costs was rendered against him.   He brings the case to this court, and assigns for error the ruling upon the demurrer to the complaint.

Jackson *v.* The Indianapolis, etc., R. R. Co.

It is alleged in the complaint that the plaintiff was, on the 31st day of December, 1869, in the employ of the defendant; that his duty was to assist in loading certain gravel cars belonging to the defendant at a gravel pit along the line of its road; that he was taken in the morning to the gravel pit and brought back at night by the defendant on its gravel train; that on the morning of the day mentioned, the gravel train was standing on the track, without an engine, near the Union depot in Terre Haute, preparatory to being taken to the gravel pit, and that the plaintiff was on one of the cars composing the train, waiting to be taken to the gravel pit; that the engine was at the time being used in the car yard; that whilst the cars composing the train were so waiting, a construction train belonging to the defendant came on the track, and instead of passing the gravel train by means of a side track, as it might easily have done, it was negligently and carelessly run against the gravel train by the engineer who had charge of the construction train as an employee of the defendant; that the engineer with the construction train pushed the gravel train along on defendant's road without first coupling the cars together, or having it done; that he was several times told that they were not properly coupled, but failed and refused to do or have it done; that when five miles from Terre Haute, the engineer stopped the construction train and allowed the gravel train to run on some distance, when he again carelessly and negligently ran his train against the gravel train with great force, knocking and throwing the plaintiff from the cars down upon the track, so that the cars passed over his leg, crushing and mangling it so badly that he was compelled to have it amputated; whereby he was and is lamed for life, and has sustained damages in the sum of fifty thousand dollars.

Then follow the additional averments that the engineer was at the time incompetent for the position, and was careless and negligent in the discharge of his duties as such engineer; that he was in the habit of getting under the influence of intoxicating liquor; of all of which the defendant had

notice at the time they employed him ; that plaintiff's duties as an employee of the defendant were not to act as brakeman upon the gravel train, nor in any other capacity, but solely and simply to assist in loading and unloading gravel, as before stated, and that to carry the plaintiff to and from the gravel pit upon the gravel train was a part of the defendant's contract with him ; and the complaint again demands a judgment for fifty thousand dollars.

It will be seen that the complaint contains no allegation that the injury occurred without the fault or negligence of the appellant. Nor does it appear from the facts alleged that such was the case. On the contrary, it appears that he knew of the danger to which he was exposed, and took no steps to protect himself.

Without attempting to cite all the decisions of this court on the subject, we think it may be considered as settled, that in an action for an injury to the person caused by the negligence of another, it must appear from the complaint, either by express averment, or it must clearly appear from the facts alleged, that the injury occurred without the fault or negligence of the plaintiff. *The Evansville, etc., R. R. Co.* v. *Dexter,* 24 Ind. 411 ; *Riest* v. *The City of Goshen,* 42 Ind. 339, and authorities cited.

In the case of *Hathaway* v. *The Toledo, Wabash, and Western Railway Co.,* 46 Ind. 25, this court was urged to reconsider and overrule its former decisions on the subject of the contributory negligence of the plaintiff in cases like the one under consideration. It was thoroughly considered, both in the first decision, and again on the petition for a rehearing, and we concluded to adhere to such former rulings. It seems to us that a further consideration of the question is not necessary.

The judgment of the said Vigo. Common Pleas is affirmed, with costs.