The Romona Oolitic Stone Company v. Johnson.

No. 822.

## The Romona Oolitic Stone Company v. Johnson.

Contributory Negligence.—*Averment of Freedom from Negligence.— When not Broad Enough.—Insufficiency of Complaint.*—In an action by an employe against a stone-quarry company for injuries incurred while in the line of his employment, which was the management of a "traveler," the only averment in the complaint of freedom from contributory negligence is that in plaintiff's attempt to readjust a certain rope, with the aid of a co-employe, and without any fault of plaintiff or said employe, said rope suddenly became loose and disentangled, thereby causing the same to jerk, swing, and vibrate violently, striking plaintiff about the head, and causing the injuries complained of. This averment of freedom from negligence does not refer generally to the means and causes of the injury, but to the loosing of the rope, which may be only one of several causes of the injury ; and it not clearly appearing, from the facts alleged in the complaint, that the plaintiff was free from fault, the complaint must be: held to be insufficient.

From the Owen Circuit Court.

*F. Winter* and *J. B. Elam*, for appellant.

*F. Matthews, D. E. Beem* and *W. Hickam*, for appellee.

Davis, J.—This was an action by appellee against appellant, to recover damages for personal injuries.

In the court below there was a verdict and judgment for appellee, in the sum of two thousand five hundred dollars.

The complaint alleges, in substance, that the appellee Sherman Johnson was for a long time prior to the 5th day of August, 1890, in the employ of appellant, which was a corporation engaged in quarrying, sawing, and preparing building stone for market, and loading it upon cars at the quarry owned and operated by it; that in the conduct of this business the appellant used an elevated tramway, placed about twenty-five feet from the ground, and which was about two hundred feet long, and forty-five feet wide ; that upon this tramway there was operated a steam hoist-

The Romona Oolitic Stone Company *v.* Johnson.

ing apparatus called a traveler, by means whereof stones were hoisted and carried from one end of the tramway to the other, and from place to place about the quarry; that a part of this traveler consisted of a hoisting apparatus, which included blocks, pulleys, and cables, so arranged as to constitute what was called a carriage, by means of which stones were shifted in said quarry; that it was a part of the duty of appellee, as one of appellant's employes, to operate and manage said hoisting apparatus; that, in the discharge of such duty, it was necessary for him to be and remain upon the hoisting apparatus, and upon said tramway; that about three months before the injury alleged, this hoisting apparatus became damaged and broken by having a certain pulley in said carriage broken in such a manner that the cable passing over the same was liable to run off the pulley, and become entangled in the machinery and boxing about the pulley; that this fact rendered the pulley and machinery unsafe and dangerous; that during said period of about three months the appellant knew the broken and defective condition of the pulley, and promised to repair the same, and replace it with a good one; that during the three months before mentioned the cable on divers occasions ran off the pulley by reason of its being broken, and became entangled and fastened in the machinery surrounding it, thereby hindering and obstructing the operation of the machinery; that when this happened it was the duty of the appellee to extricate the cable from the machinery, and replace it upon the pulley; that the appellant disregarded its promise to repair or replace the pulley, and carelessly and negligently failed to so repair the same, and negligently allowed it to remain in use in its broken and unsafe condition, until the time of the alleged injury to appellee; that appellee relied upon the promise of the appellant to repair; that he had no knowledge of the danger of operating the pulley in its

broken condition, and remained in the employment, and continued to operate said machinery.

"That on the 5th day of August, 1890, and while plaintiff was in the employment of defendant, and while in the line of his said duties, and while operating and managing said hoisting machinery, and without any fault whatever of plaintiff, the rope passing over said broken and unsafe pulley ran off said pulley by reason of said broken and unsafe condition, and became and was entangled in the machinery and boxing about said pulley, thereby hindering, obstructing and stopping the movements and operations of said machinery; that thereupon plaintiff, with one Luther Pryor, a servant and employe of said defendant, attempted to extricate and remove said rope from said machinery and boxing, and to replace the same upon said pulley; that while plaintiff and said Pryor were so engaged in the attempt to remove, extricate and readjust said rope, and while in the line of plaintiff's duty as such servant and employe of defendant, and without any fault of plaintiff or said Pryor, the said rope suddenly became loose and disentangled, thereby causing the same to jerk, swing and vibrate violently, striking plaintiff about his face and head, and knocking said plaintiff from said machinery to the ground," etc.

Then follows the necessary averments describing the nature and extent of the injuries, and prayer for judgment.

A demurrer was overruled to the complaint, and this ruling presents the first question for our consideration.

It is urged by counsel for appellant that the alleged negligence of appellant is not shown to have been the proximate cause of the injury. Their position concisely stated is that "plaintiff was not hurt while operating the hoisting apparatus, at all, but after it was stopped, and while he was attempting to put it in such position that it could be operated—without any fault at all of defendant, so far as appears—he was injured."

On this proposition counsel have built a strong and ingenious argument in substance, and to the effect, "that the operation of the machinery, and the attempt to put it in condition to operate, were entirely distinct things," and that the defendant is not responsible for any thing that occurred while the rope was being disentangled. On this question we are inclined to the view maintained by counsel for appellee, that he was, under the averments in the complaint, employed to run the traveler; that the carriage containing the broken sheave was a part of the traveler; that this broken sheave constituted a part of the machinery that appellee was required to operate; that when the rope got out of the broken flange of the sheave, before appellee could operate any part of the machinery he was compelled to put the rope back in the flange, and that the act of replacing the rope upon the sheave was a part of " operating the traveler."

A more serious question, as it occurs to us, is whether it sufficiently appears, in the complaint, that the appellee was free from negligence?

The only averment on this subject is in relation to the attempt to readjust the rope, in which connection it is alleged that "without any fault of plaintiff or said Pryor, said rope suddenly became loose and disentangled."

It is well settled that "the averment must be either expressly made in the complaint that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case." *Riest* v. *City of Goshen*, 42 Ind. 339 (341); and authorities cited.

There is no general allegation in the complaint that the injury was caused without appellee's fault or negligence.

The appellee may have been entirely free from fault as to the rope becoming loose and disentangled, and yet, for aught that appears in the complaint, guilty of negligence in placing himself where it could injure him, or he may

have been in fault in allowing a heavy weight to hang on the end of the rope, unsupported, while engaged in his efforts to replace the rope on the pulley, so that such weight, when the rope became loose, would cause it to jerk and vibrate, and thus injure him in the manner stated in the complaint. After the rope ran off the pulley, as described in the complaint, it was, of course, on the theory on which the complaint proceeds, the duty of appellee to get it loose and to have it become disentangled so as to get it back in proper position. This is evidently what he was endeavoring to do when he was injured, and he may not have been in fault, and under the allegation, in fact, was not in fault, because getting it loose and disentangled happened suddenly. The sole question is not whether he was in fault in the rope running off the pulley and becoming entangled, or whether he was in fault in getting it loose and disentangled, but the vital question is whether it appears, from the facts which are alleged, that the injury occurred without the fault or negligence of appellee. In other words, in the absence of the express averment that the injury occurred without his fault or negligence, is it shown by the facts alleged in the complaint, that the whole work of operating the traveler, replacing the rope, including the manner in which it was placed, the weight it was required to support, and the position which appellee assumed, were all conducted, under the circumstances attending the transaction, without fault on his part?

In *Riest* v. *City of Goshen, supra*, it was averred that Riest was injured while driving upon a defective bridge, and that he exercised proper care and diligence in driving his team after he was upon the bridge, but did not aver that he was free from fault in driving upon the bridge.

In that case it was held that the complaint was not rendered good by averring that he conducted himself carefully after he was on the bridge.

In this connection we deviate from the question we have been considering to say that, while there is no direct averment in the complaint that the injury was the result of negligence on the part of appellant, yet, as hereinbefore indicated, we are of the opinion that it appears, from the facts which are alleged, sufficiently, at least, to withstand the demurrer, that the injury of which complaint is made, was the result of the negligence of appellant growing out of the broken and defective machinery mentioned and set out in the complaint.

It is apparent, however, from the facts therein alleged, that the defect, which was the cause of the accident, was alike open to the observation of both the master and servant, and so far as knowledge of the broken and defective condition of the machinery was concerned, appellee was on an equality with appellant; *Swanson* v. *City of Lafayette*, 33 N. E. Rep. 1033, decided by the Supreme Court at this term.

It is sought to avoid the effect of such knowledge on the part of appellee, and in this respect the complaint has been carefully and skillfully drawn, by the averment "that said pulley and said machinery were thereby rendered unsafe, unsound, and dangerous," and that appellee "had no knowledge whatever of the danger from operating the same," and that the appellant, "knowing the broken, damaged, and unsafe condition of said machinery, promised and agreed to repair the same," and to "place the same in a safe condition," on which promise appellee relied, and that it was his duty "to extricate and remove the rope from the machinery and boxing about said pulley, and replace the same upon said pulley," * * * "under the direction of said defendant."

The averments may have been sufficient to show that appellee did not, by continuing in the service of appellant, under the facts and circumstances shown in the complaint, assume the risks incident to the use of such defective ma-

chinery. See· *Marsh* v. *Chickering*, 101 N. Y. 396; *Corco--
ran* v. *Milwaukee Gaslight* Co: (Wis.), 51 N. W. Rep. 328;
*Atlas Engine Works* v. *Randall*, 100 Ind. 293; *Indianapolis,
etc., R. W. Co.* v. *Watson*, 114 Ind. 20; *Brazil Block Coal
Co.* v. *Hoodlet*, 129 Ind. 327; *Rogers* v. *Leyden*, 127 Ind. 50;
*Louisville, etc., R. W. Co.* v. *Corps*, 124 Ind. 427; *Vincennes
Water Supply Co.* v. *White*, 124 Ind. 376; *Jenney Electric
Light, etc., Co.* v. *Murphy*, 115 Ind. 566.

If all this was conceded, the difficulty we were consider-
ing is not obviated.

It clearly appears that in May, 1890, while appellee was
engaged in managing and operating the machinery, the
same was broken, and that thereafter, and prior to the ac-
cident, while he was managing and operating the ma-
chinery, the rope frequently, by reason of such broken
condition, did run off the pulley, thereby "obstructing the
operation and movement of said machinery," and that at
said times it became, and was, the duty of appellee to ex-
tricate and remove said rope from the machinery and box-
ing, and replace the same on said pulley. He shows, in the
complaint, that he was, and had been for three months,
perfectly familiar with the defects and with the manner of
making the proper and necessary adjustment, when the
operation of the machinery became obstructed on account
of such defect.

The general averments of the complaint are, in some
respects, hard to reconcile with the facts specially pleaded,
but conceding that the demurrer admits the truth of all
that is stated in the complaint, we have not been able, or
careful reading and analysis of the pleading, to find any
facts or statements, which, in our opinion, are equivalent
to the allegation that appellee was not guilty of contrib
utory negligence. If we are right in what we have here-
tofore said on this subject, it necessarily follows that this
complaint is not made sufficient by averring that appellee
was without fault in the disentanglement of the rope, but

he should have shown, in view of all the facts and circumstances disclosed in the complaint, that he was injured without fault on his part. See *Stewart, Admx.*, v. *Pennsylvania Co.*, 130 Ind. 242.

Judgment reversed, with instructions to sustain the demurrer to complaint.

REINHARD, C. J., was not present.

Filed April 26, 1893.