## THE CHICAGO AND ERIE RAILROAD COMPANY
## v. THOMAS, ADMINISTRATOR.

[No. 17,753. Filed February 16, 1897.]

PLEADING.—*Names of Parties.*—The names of the parties to a suit being correctly stated in the title it is not necessary that they thereafter be referred to in the several paragraphs of complaint, except generally as plaintiffs and defendants, unless it should become necessary in an allegation to particularize some plaintiff or defendant. *p. 37.*

RAILROADS.—*Injury at Crossing.—Structure on Right of Way.— Complaint.*—In an action against a railroad company for damages for the killing of plaintiff's intestate at a crossing, a complaint which alleges that defendant negligently piled lumber on its right of way which obstructed the view of travelers on the street, and that the persons managing defendant's train at the time plaintiff's intestate was killed, failed and neglected to sound the whistle or ring the bell in approaching the crossing, and were negligently running the train at an unlawful rate of speed, which complaint does not further aver that the view of decedent was obstructed by the lumber, or that the failure to give the signals, or the unlawful speed of the train caused the injury, does not state a cause of action. *pp. 38, 39.*

SAME.—*Injury at Crossing.—Contributory Negligence.*—In an action against a railroad company for the killing of plaintiff's intestate, an allegation that the intestate while passing over said crossing, without carelessness or negligence on his part, and while using due care and caution, was struck by a train, does not negative contributory negligence, as he might have been negligent before going upon the crossing. *p. 39.*

From the Huntington Circuit Court. *Reversed.*

*J. B. Kenner, U. S. Lesh* and *W. O. Johnson,* for appellant.

*J. F. France, Z. T. Dungan, J. C. Branyan, Levi Mock* and *Dailey, Simmons & Dailey,* for appellee.

HOWARD, J.—This was an action brought by the appellee for damages resulting from the death of his

decedent, James L. Platt, caused, as alleged, by his being run over by one of appellant's passenger trains. A former appeal was dismissed, for the reason that it had not been taken from a final judgment, but from an interlocutory order. *Thomas, Admr.,* v. *Chicago, etc., R. W. Co.,* 139 Ind. 462. The second trial resulted in a verdict and judgment for $8,000.00 in favor of appellee.

Many alleged errors are assigned and discussed by counsel, among them being the overruling of the demurrer to each paragraph of the complaint.

The second paragraph of the complaint, in which are embraced the material allegations of the first paragraph, after stating the corporate character of the appellant, and that its said road passes through the incorporated town of Markle, in Huntington county, then continues: "That on the 14th day of January, 1892, the said railroad company had negligently and carelessly suffered and permitted certain persons to pile large and high quantity and to build a lumber deck on their grounds and on their right of way, thereby obstructing the view of persons traveling on said street until they arrive on the main track of said road, and such obstructions making it impossible to ascertain what cars are approaching until reaching said main track. And that on the 14th day of January, 1892, James L. Platt was driving across the defendant's railroad track at a point where Lee street crosses said road, in said town of Markle, with two horses and a mud boat, and while passing over said crossing, without carelessness or negligence on his part, and while using due care and caution, one of the defendant's passenger trains ran over, struck and killed the said James L. Platt; that said passenger train, in approaching said crossing, and the persons managing said train, failed and neglected to sound the

whistle or ring the bell in approaching said crossing, and was carelessly and negligently running at a great and unlawful rate of speed through said incorporated town, to-wit, at the rate of forty miles an hour."

Other allegations are made as to the widow and child of the decedent, and as to his capacity to earn a livelihood for them; and there is a prayer for judgment in the sum of $10,000.00.

It must be said, in all candor, that the complaint, even with such intendments in its favor as might have been expressed as amendments on a motion to make more specific, is yet a most imperfect pleading. If every allegation were proved, there could still be no recovery.

Considering the second paragraph, appellant suggests at the outset that it is not complete in itself, in this, that without resort to the first paragraph it can not be told who is the plaintiff, or in what capacity he sues. This, we think, is being over critical. It would seem to be sufficient that the names of the parties should be correctly stated in the title of a cause, and that they need not thereafter be referred to in the several paragraphs of the complaint, except generally as plaintiffs or defendants, unless it should become necessary in an allegation to particularize some plaintiff or defendant. *Lowry* v. *Dutton*, 28 Ind. 473. Besides, if it had been thought necessary, for any reason, that the plaintiff's name, together with his title as administrator, should be repeated in the second paragraph, that amendment, being one of form rather than of substance, might have been made in the court below, and will therefore be deemed to have been made. *Thompson, Admr.*, v. *Edwards, Tr.*, 85 Ind. 414.

The allegations in immediate relation to the accident, both as to the appellant's negligence and as to

the decedent's freedom from contributory negligence, are quite insufficient.

As to what is said of certain persons piling lumber and building "a lumber deck on their grounds and on their right of way, thereby obstructing the view of persons traveling on said street;" even if we are to understand from this that the lumber was piled on the railroad right of way, yet it does not appear how this affected the decedent. Because such lumber piles might obstruct the view of travelers on the street it does not follow that they obstructed the view of the decedent. We are not told in which direction he was driving, nor whether or not the lumber was on the same side of the track as he was when he was approaching the railroad. Moreover, it is not of itself negligence to erect a structure upon a railroad right of way. If such structure obscures the traveler's view of the track, that will only make it necessary, both for those in charge of trains, and also for the traveler himself, to approach the crossing with the greater care. But, in addition to all this, there is no allegation that the "lumber deck" had anything to do with the accident, or in any way aided in bringing about the injury to the decedent.

As to the collision itself, the only negligence charged against the appellant, is that "the persons managing said train failed and neglected to sound the whistle or ring the bell, in approaching said crossing;" and, also, that the train "was carelessly and negligently running, at a great and unlawful rate of speed through said incorporated town, to-wit, at the rate of forty miles an hour." But whether the injury to the decedent was due to either, or both of those alleged acts of negligence, we are not informed. Trains have approached crossings without blowing the whistle, or ringing the bell, and while moving at the rate of forty

miles an hour, and yet no one has been hurt. Because an act is negligent and some one is hurt, it does not follow that the hurt is a consequence of the negligence. It is not every act of negligence for which a defendant is liable, but only such acts as directly cause, or help to cause the injury complained of; that is, acts of negligence which are the proximate causes of the injury. The only allegation as to appellant's act in causing the injury is: "One of the defendant's passenger trains ran over, struck and killed the said James L. Platt." It does not appear from this, that the company's negligence caused the injury. If the company was without fault, or if any fault of which it was guilty had nothing to do with the injury, then, although the act of the company may have caused the injury, there could be no liability. It is not enough that there be negligence and injury; the two must come together, the negligence causing, or helping to cause the injury. Liability can arise only from an act of negligence which, either of itself, or in connection with other causes, brings, or helps to bring about the injury; and which act of negligence must be alleged and proved. *Baltimore, etc., R. W. Co.* v. *Young*, 146 Ind. 374, and authorities there cited.

In addition, it does not appear from the complaint that the decedent was himself free from negligence contributing to his injury. It is indeed made to appear that he was injured "while passing over said crossing, without carelessness or negligence on his part, and while using due care and caution." But care, while passing over the crossing, might be quite unavailing. It was necessary to use care before going upon the crossing. A statement of facts as to stopping, looking and listening, and other precautions to avoid danger, might have been sufficient; as might also a general allegation that the decedent had been

injured without his own fault. The statement, however, that he used due care while in the act of crossing, is very far from showing that he was injured without fault on his part contributing to the injury. *Riest* v. *City of Goshen*, 42 Ind. 339; *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 40; *Romona, etc., Stone Co.* v. *Johnson*, 6 Ind. App. 550; *Cincinnati, etc., R. W. Co.* v. *Duncan, Admr.*, 143 Ind. 524.

The abstract of complaint, as set out in the opinion in the *Cincinnati, etc., R. W. Co.* v. *Graves*, 136 Ind. 39, upon which appellee relies, does not sustain the claim made by him in favor of the sufficiency of his complaint. It is shown in that case that in the complaint, after describing the injuries of the plaintiff, it was expressly alleged: "That such injuries were wholly caused by the negligent conduct of the appellant as above set forth, and that the appellee did not contribute in any way whatever to produce the same, and that he was without fault on his part."

The case of *Lake Shore, etc., R. W. Co.* v. *Bodemer*, 139 Ill. 596, 29 N. E. 692, cited by counsel to show that the running of a train through a city or town at the rate of forty miles an hour, without ringing a bell or sounding a whistle, is an act of willful negligence, is not in point, as the complaint here was not for a willful injury. Besides, as we have said, to make such allegations good, it would be necessary to state how such negligence contributed to the injury.

Other alleged errors discussed relate largely to questions growing out of the rulings of the court made on the return of the case after the former appeal. Those questions cannot again arise.

The judgment is reversed, with directions to sustain the demurrer to each paragraph of the complaint.