## REAM, ADM'X, v. THE PITTSBURGH, FORT WAYNE, AND CHICAGO RAILROAD CO.

RAILROAD.—*Pleading.*—*Contributory Negligence.*—A complaint against a railroad company to recover for an injury resulting in death, which showed that the deceased, in company with others, was voluntarily riding upon a hand-car, on the track of the defendant, in the night time, and thus collided with a locomotive and train of the defendant, was bad, because it showed contributory negligence on the part of the deceased.

From the Allen Common Pleas.

*W. G. Colerick* and *H. Colerick,* for appellant.

DOWNEY, J.—Malinda Ream, as administratrix of the estate of Christena Ream, deceased, sued the said railroad company, alleging in her complaint, in substance, that the deceased was, before and at the time of her death, a resident citizen of Allen county; that she left her home on the 18th day of March, 1865, to visit her kindred, at Conway, in the county of Van Wert, Ohio; that on Sunday, the 19th day of said month, she was, with other young ladies, invited to ride on a hand-car, on the track of said railroad, for a distance of about four miles; that the defendant did then occasionally suffer the people living in and about that place to make such excursions on Sunday evenings, as no regular train passed over that part of said road on Sunday evenings, except the mail train; and the decedent then started with the company to make said excursion on the hand-car, all of them then well knowing that they could by ordinary care protect themselves from all danger, except from wanton injury, because from the said village east the line of the road was tangent, and the bed of the road level, for the distance of six and one-half miles, so that the head-lights of trains on the road approaching said village from the east could be plainly seen for said distance and every part of it, and because from said village west the track of said road is on a tangent line, and the road bed level, for the distance of nine miles from said village, and the head-lights on trains coming from the west could be seen at all times in the night, at said village, for said distance and every part of it, both east and

west from said village, and every intermediate place on said road, so that the persons on the hand-car could plainly see, from every yard their hand-car passed over on the road on the said excursion, the head-lights of every approaching train, whether from the east or the west, for the distance as aforesaid; and that the party, while on said excursion, kept constant watch and ward for head-lights from trains on the road; that while on said excursion they perceived the approach of said regular train when it was six miles from them by its head-lights, and east of them, and saw it every moment afterward until it had passed the hand-car on the side of the track; that the party on the hand-car could have easily avoided and prevented collision with any train on the road on said evening, by seeing the head-lights on the trains, whether coming from the east or from the west, or by hearing the signals of bells or whistles, as the train was entering the depot at said village, or the crossing of high-ways, or had trains run with no more than usual speed, as the said party were careful and on their guard, and could and would have seen the head-lights and heard the signals and the noise of the running trains, if moving at their usual speed, in time to have deliberately saved themselves, by preventing any train from colliding with said hand-car; that about eight and a half o'clock on said evening on which they left the village on the hand-car, they started to return in the car to the village; the night was dark, the air was moist and heavy, and the whole party were vigilantly watching for signals of light and sound from the east and the west, and when they came within about two miles of said village, and seeing no head-lights and hearing no signals of either bell or whistle, until about four seconds before a train on said road collided with their said hand-car, when they perceived a light from the furnace of an engine on the track, too late to save themselves from the collision; that the said train was an irregular, wandering train, propelled by engine No. 140, of defendants, and attached to it were only a tender and a caboose; that the servants of the defendant who ran the train at said time were incompetent; one George King was engineer and one Hughes

was conductor; that the said servants were, before and at said time, running the train so recklessly, so wantonly, and with such gross negligence as to too plainly imply an utter indifference, on their part, whose property or whose lives they destroyed, in this, they knew that their train was irregular, that the night was dark, that they were running the train without head-lights, that they were driving the train at the unusual and reckless speed of forty miles an hour, and that without abating said speed they passed the depot at said village, and did not even signal their approach to said depot or the crossing of highways in its vicinity by bell or whistle, and in this manner the said train was flying along said road when it so struck and collided with the said hand-car, and thereby unlawfully killed five of the said persons in said hand-car, one of whom was the said decedent, Christena Ream, who, of the injuries thus received, languished until the 21st day of said month, when she died.

It is then alleged that she left as her heirs at law her father, Jacob Ream, of said county of Allen, and her mother, the said plaintiff; that her said father has since died intestate, at said county, leaving his widow, the said Malinda, Oscar Ream, Mary, Wilson, James, Lewis, and Charles Ream, their children and brothers and sisters of said deceased.

It is further alleged that by the statute law of the State of Ohio, in force at the time of said injury and death, the personal representatives of the deceased were entitled to an action, which statute is in the words following, to wit:

"Be it enacted by the General Assembly of the State of Ohio, that whenever the death of a person shall be caused by wrongful act, neglect or default; and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof; then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as

amount in law to murder in the first or second degree, or manslaughter.

"Sec. 2. Every such action shall be brought by and in the name of the personal representatives of such deceased person; and the amount recovered in every such action, shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to the widow and next of kin in the proportions provided by law in relation to the distribution of personal estates, left by persons dying intestate; and in every such action, the jury may give such damages as they shall deem fair and just, not exceeding five thousand dollars, with reference to the pecuniary injury resulting from such death to the wife and next of kin to such deceased person."

And the plaintiff further avers that, by the law of said State of Ohio, the brothers and sisters of the deceased were her next of kin, and entitled under said law to the damages that may be recovered in this action.

It is also alleged that the said Christena, in her lifetime, thereby sustained damage in the sum of five thousand dollars, and the plaintiff, as such administratrix, a like sum since the death of said decedent, which has never been paid; wherefore, etc.

To this complaint, the defendant demurred, on the ground that the same did not state facts sufficient to constitute a cause of action, and the demurrer was sustained. This ruling of the court is assigned as error. There is no brief on the part of the appellee, and counsel for appellant discuss the case wholly with reference to the question, whether the action could be brought in this State upon the Ohio statute, the injury and death having occurred in that state.

We do not deem it necessary to decide this question, as we regard the complaint bad, on the ground of the contributory negligence on the part of the deceased, which should, according to well settled rules of law, prevent her representative from maintaining the action. See the cases of *The Terre Haute and Indianapolis R. R. Co.* v. *Graham,* 46 Ind. 239,

*The J., M. & I. R. R. Co.* v. *Goldsmith,* 47 Ind. 43, and *Hathaway* v. *The T., W. & W. R. W. Co.,* 46 Ind. 25.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.