Harvey v. The State.

No. 592.

## HARVEY v. THE STATE.

HIGHWAY.—*Obstruction of.*—*Criminal Prosecution.*—*Section 1964, R. S. 1881,*
—*Elliott's Supp., Section 1565, Does Not Repeal.*—Section 1964, R. S. 1881.
describing the offence of, and providing a penalty for the obstruction
of a public highway, is not repealed by section 23 of an act approved
March 2, 1883, Elliott's Supp., section 1565. The one provides a
criminal prosecution for obstructing a highway, the other a civil rem-
edy for the benefit of the road fund of the proper district.

BILL OF EXCEPTIONS.—*Failure of Judge to Sign.*—*Not Properly in Record.*—
A bill of exceptions is not properly in the record unless it appears that the
judge examined it and attested its correctness with his official signa-
ture. Delay in signing, if presented in time for the record, will not
operate to the detriment of the excepting party, but at some time be-
fore it goes into the record the bill of exceptions must be signed as such
by the judge.

From the Morgan Circuit Court.

*W. R. Harrison,* for appellant.

*E. S. Davis,* Prosecuting Attorney, *C. G. Renner* and *N. A. Whitaker,* for the State.

REINHARD, C. J.—The appellant was prosecuted and con-
victed before a justice of the peace for obstructing a public
highway. On appeal to the circuit court he moved to quash
the affidavit. The overruling of this motion is assigned as
error.

The affidavit is predicated on section 1964, R. S. 1881.
This section is a portion of the crimes act. It provides that
" Whoever, in any manner, wrongfully obstructs any public
highway    *    *    *    shall be fined in any sum," etc.

Section 23 of an act concerning highways and supervisors
thereof, approved March 2, 1883, provides that any person
who shall unnecessarily and to the hindrance of passengers
obstruct any highway or bridge, etc., shall forfeit the sum
of five dollars, to be recovered before a justice of the peace
of the county, in the name of the trustee, by the supervisor
of the district, etc." It is made the duty of such super-
visor, within three days after receiving information, etc., to

·commence such suit, and the sum recovered thereon shall be paid to the trustee of the township for the benefit of the highways of such district. Elliott's Supp., section 1565.

It is insisted by the appellant that this later act concerning obstruction of highways repeals the former, as it comes in conflict with it. No other objection is pointed out to the affidavit.

We are unable to agree with appellant's counsel as to the effect of the enactment of 1883 upon the former law. Section 23 of the highway law of 1883 is but a repetition or re-enactment of section 5082, R. S. 1881, which was in force since September 19, 1881, the same date from which the crimes act took effect. Numerous prosecutions have taken place since that time under the section of the crimes act above set out, and, as far as we know, the question never was mooted before that both sections could not subsist together. The one provides a criminal prosecution for obstructing a highway, the other a civil remedy for the benefit of the road fund of the proper district. There is as much difference between the two laws as there is between a criminal prosecution for assault and battery and a civil action for damages for the same by the injured party, except that the latter is not a statutory remedy. The motion to quash was properly overruled.

The remaining questions arise upon the overruling of the motion for a new trial. They have reference to certain rulings of the court upon the admission of evidence objected to, and call in question the correctness of certain instructions. It is urged by counsel for the State that the bill of exceptions is not properly in the record, and if this position is well taken we can not consider the points raised by the appellant.

The bill of exceptions, or what purports to be such, was never signed by the trial judge. At the foot of this paper we find the following certificate:

"I, George W. Grubbs, judge of the circuit court of said

Harvey v. The State.

county of Morgan, certify that the foregoing and within bill of exceptions in the case of the State of Indiana v. Peter C. Harvey *was tendered to me for my signature* on the 20th day of November, 1891, at the court-house in said county, and within the time given for preparing the same, to wit, within sixty days after judgment was rendered in said cause.

"GEO. W. GRUBBS, Judge."

This is the only certificate or statement in and about the bill of exceptions purporting to come from the judge. It appears nowhere that he had examined and approved the bill, nor does his signature appear thereto at any other place.

This, however, is essential under sections 629 and 1849, R. S. 1881. It is not enough that the document should be presented to the judge and the fact of such presentation certified to by him, but it must be examined, and if found correct, that fact also must be attested by the official signature. This is the judicial determination of the correctness of the bill. See Elliott App. Proced., sections 798–99. Without it this court can not take cognizance of the bill, as such. Delay in signing, if presented in time for the record, will not operate to the detriment of the excepting party, but at some time before it goes into the record the bill of exceptions must be signed as such by the judge. This not having been done, there is no bill of exceptions, and the evidence is not properly in the record. The same is true of the instructions.

There is no available error.

Judgment affirmed.

Filed Sept. 15, 1892; petition for a rehearing overruled Nov. 18, 1892.