THE CITY OF DECATUR *v.* STOOPS.

[No. 2,632.   Filed January 10, 1899.]

CONTRIBUTORY NEGLIGENCE.—*Defective Street.—Complaint.*—Allegations in a complaint, in an action for damages on account of injuries sustained by reason of a defective street, that plaintiff was driving a horse hitched to a spring wagon, and, meeting a team traveling in the opposite direction, turned to drive across to the opposite side of the street, and, in so doing, drove across a ridge of dirt in the street where a trench for a water-main had been dug and refilled, and the wheel of the wagon dropped from the top of

the ridge into the trench; that he was driving in a slow and quiet manner, and did not know the hole was there, are not sufficient to show plaintiff guilty of contributory negligence.  *pp. 398-404.*

STREETS.—*Highways.—Law of the Road.*—Where plaintiff was driving south on the west side of the street, and, meeting a team of horses, and desiring to cross to the east side of the street, turned to the left, and, in so doing, crossed a ridge where a water-main was laid and was injured, he was not, by reason of section 5087, Horner's R. S. 1897, guilty of negligence in turning to the left, as such statute relates to country highways, and has no application to streets in an incorporated city.  *pp. 403, 404.*

APPEAL AND ERROR.—*Record.—Evidence.*—It is not necessary, under the act of March 8, 1897, that the record show that the longhand manuscript of the evidence was filed in the clerk's office before being incorporated in the bill of exceptions; it is sufficient if the record shows that it contains the original bill of exceptions embracing the evidence, and that such bill was presented to and signed by the judge, and filed either in open court or in the clerk's office.  *p. 405.*

EVIDENCE.—*Weight.*—Where there is evidence tending to support the verdict and answers to interrogatories, the Appellate Court will not reverse the judgment on the weight of the evidence.  *p. 406.*

JUDGMENT.—*Excessive Damages.*—The Appellate Court will not reverse a judgment on account of excessive damages, unless the amount of recovery is so clearly excessive as to indicate that the jury acted from prejudice, partiality, or corruption, or were misled as to the measure of the damages.  *p. 407.*

From the Jay Circuit Court.  *Affirmed.*

*F. Frank Mann, R. S. Peterson, A. P. Beatty* and *La Follette & Adair,* for appellant.

*France & Merryman, Peterson & Lutz,* and *John F. La Follette,* for appellee.

WILEY, J.—Appellee sued appellant to recover damages for injuries received while traveling upon a street in appellant city, which injuries, it is averred, resulted from a defect in such street.  It is charged in the complaint that in said city there are two streets, Second street, which runs north and south, and Jefferson street, which runs east and west, which said streets cross each other at right angles; that Second street is one of the principal thoroughfares in

said city; that in 1895, appellant caused a water-works plant to be constructed; that one of the main lines for carrying water was constructed along and in said Second street; that, at a point where said two streets intersected, the ditch in which said water-main was laid ran from the northeast to the southwest; that when said main was laid said ditch was refilled, and the dirt piled up fifteen inches or more above the general surface of the street; that, by reason of continual travel upon said Second street where said filling had been made, the wagons and vehicles had cut up the same, and at a point on the southeast side of said ridge, about fifty feet north of the south side of Jefferson street, where the two streets intersected, there was a large hole or deep cut in the street near the southeast side of said ridge, twelve inches or more below the surface, making a distance from the top of said ridge to the bottom of said hole of from twenty to twenty-four inches; that said ridge of dirt and cut had been allowed to remain in said condition for more than two months, and that appellant had notice thereof, and failed to improve or repair said defect. That in April, 1896, while said street was in said condition, appellee was driving southward thereon; that he was driving a horse of ordinary gentleness, hitched to a spring wagon; that at the above described point he met another team of horses, driven by another person, traveling northward on said Second street, and on the west side thereof, and appellee, being on the west side of said street, turned to drive across the same to the east side thereof, and in doing so drove almost "squarely and directly" over said ridge, and in doing so the left front wheel of his spring wagon dropped down from the top of said ridge into said cut or hole, and with such force that appellee, and the seat upon which he was sitting, "was" thrown

out of said wagon, whereby he was injured, etc. The complaint also avers that he was traveling on said street where he had a right to be; that he was traveling in an "ordinary, slow, and quiet manner;" that said injury resulted to him without his fault; that he did not know of said hole or cut; that when he attempted to cross said street he believed, in good faith, that it was ordinarily safe; that he did not know there was any defect in said street but said ridge; that if it had not been for said hole or cut, he "would have landed safely over said ridge," etc. To this complaint appellant demurred for want of facts, which demurrer was overruled. The case was put at issue by a general denial, and trial by jury, resulting in a general verdict for appellee for $2,000. The court submitted to the jury interrogatories, which they answered and returned with their general verdict. Appellant moved for a new trial, and, pending the same, appellee filed a remittitur of $700. Appellant's motion for a new trial was then overruled, and judgment rendered for $1,300. The overruling of the demurrer to the complaint and the motion for a new trial are assigned as errors.

It is argued by appellant that the complaint is defective, in that it does not show that appellee was free from contributory negligence. It is apparent from the complaint that appellee was not content to rest the question of his freedom from fault or negligence by the averment alone that the injury resulted without fault or negligence on his part, for he has pleaded specially the facts relied upon to show his freedom from negligence. The ordinary rule of pleading in this State, in actions to recover damages resulting from the negligence of the defendant, is to specifically plead the facts relied upon, and aver that the injury resulted without negligence on the part of

the plaintiff, contributing thereto; and, when this is done, it has been repeatedly held that it is sufficient. But where the plaintiff specially pleads the facts upon which he relies to show his freedom from negligence, and such facts are not sufficient for that purpose, but, on the contrary, show contributory negligence, an averment, following such facts, that he was free from fault, will be disregarded. Or, to state it differently, an allegation that the plaintiff was free from fault must yield to, and be controlled by, facts which, specially pleaded, show to the contrary. In volume 5, En. Pl. & Prac., p. 8, the rule is stated as follows: "If, however, the declaration stating the facts, shows a clear case of contributory negligence, an allegation that the plaintiff was in the exercise of due care, and that he was injured without fault on his part, will not avail him to overcome the facts." The rule, as just stated, has been adhered to in this State in many cases. In *Indianapolis, etc., R. Co.* v. *Wilson,* 134 Ind. 95, it was held that a complaint which alleges that a nine year old child crossed a railroad track after waiting for an engine to pass without observing that a train detached from the engine followed the engine, and that the child was struck by the detached train, was bad, as it showed contributory negligence in failing to take time to observe the train, an allegation of the child's freedom from fault was of no avail. See, also, *Evansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221; *Jeffersonville, etc., R. Co.* v. *Goldsmith,* 47 Ind. 43; *City of Ft. Wayne* v. *DeWitt,* 47 Ind. 391; *Riest* v. *City of Goshen,* 42 Ind. 339; *Ream* v. *Pittsburgh, etc., R. Co.,* 49 Ind. 93; *Reynolds* v. *Copeland,* 71 Ind. 422; *Stone Co.* v. *Johnson,* 6 Ind. App. 550; *Toledo, etc., R. Co.* v. *Wingate,* 58 Am. & Eng. R. Cases, 232. With these authorities in view, and the principles therein declared

before us, let us examine the complaint, and see if its general averments relating to the conduct of the appellee are sufficient to overcome the averment that he was without fault, so as to bring it within the rule established by the authorities. It is charged that appellee was driving southward on Second street; that he was driving an "ordinary gentle horse," hitched to a spring wagon; that the wagon was in good repair; that he met another team traveling in the opposite direction; that appellee turned to drive across to the east side of the street; that he drove almost squarely across said ridge; that in driving across the ridge the left front wheel of his wagon dropped from the top of the ridge to the bottom of the hole immediately on the east side thereof; that he was driving in a slow and quiet manner; that the accident happened without any fault on his part; that he did not know that said hole was there; that he attempted to cross the street in good faith, believing that there were no other obstructions therein except the ridge; and that he used due care and caution, etc. We do not think that the facts as to appellee's conduct which are specially pleaded are sufficient to show him guilty of contributory negligence. Appellant was an incorporated city, and as such it had exclusive control of the streets, crossings and sidewalks within its municipal boundaries. It was the duty of appellant to keep its streets in a reasonably safe condition for travel, and free from unnecessary and dangerous obstructions, holes, and pitfalls. Here appellant suffered a deep and dangerous hole to be and remain in almost the center of one of its principal thoroughfares, which was dangerous to travelers, and which, as appears from the complaint, was the proximate cause of the injury to appellee. The complaint is not subject to the objections argued. See *Glantz* v. *City of South Bend*, 106

Ind. 305, and cases there cited, and *City of Aurora* v. *Bitner*, 100 Ind. 396.

Another objection urged to the complaint is that it shows that appellee was negligent for leaving the side of the street which "the law of the road" granted him, and for driving over a ridge, etc. Second street in appellant city runs north and south. Appellee was driving on the west side of the ridge, which would take him along the west side of the street, and while so driving he met a team of horses coming towards him; and, desiring to cross to the east side of the street, he turned to the left, instead of keeping to the right, as appellant says was his duty, under the "law of the road." The "law of the road," as it is designated by the appellant, is found in section 5087, Horner's R. S. 1897, wherein it is provided that "who shall, when driving any vehicle, fail to pass to the right when meeting another vehicle, so as to allow it to pass without injury, for every such offense such person shall forfeit the sum of five dollars," etc. This statute relates to highways, and was passed to prevent their obstruction. It is evident from the language of the statute that it has no application to streets in an incorporated city; for the forfeit fixed by the statute is to be recovered by the supervisor of the road district, in the name of the township trustee, and the sum recovered shall be paid to the trustee of the township for the benefit of the highways of such district. A township trustee or a road supervisor has no control, management, or dominion over streets in an incorporated city. The statute we have cited is not a criminal statute, but one which provides a civil remedy for the recovery of a forfeit for the benefit of the road fund of the proper district. *Harvey* v. *State*, 5 Ind. App. 422. See, also, *Toledo, etc., R. Co.* v. *Stevenson, Tr.*, 131 Ind. 203. There is good rea-

son why the statute is not applicable to streets in cities. The authorities in control of highways or roads are only required to keep the traveled way reasonably safe for travel, and it is a part of the common history of the State and of every day observation, that, while public highways are often fifty feet or more in width, yet the traveled way therein may not be over twelve or fifteen feet wide. The statute we have cited was doubtless to establish a universal custom or rule, to make passage along such traveled ways as safe as possible, by requiring persons meeting in vehicles to give half the road, by turning to the right, so as to avoid injury. And it is to be remarked that the "forfeit" is only recoverable where a failure to turn to the right results in injury. In cities it is the duty of the authorities to keep the entire street, from sidewalk to sidewalk, or from curb to curb, in a reasonably safe condition for travel, so that persons desiring, or having occasion to, may use all portions of the street, without injury resulting from obstructions or defects. In the case before us, appellee had the right to travel over and upon any part of the street, from curb to curb, so long as he did not interfere with the right of other travelers. Crossing from the right to the left side of the street, he did not violate any criminal or other statute of the State, and in doing so did not commit any unlawful act. It follows, therefore, that appellant's argument that one who violates the law, and in consequence thereof is injured, has no right of recovery, is not tenable, as applied to the facts pleaded. The complaint stated a good cause of action, and there was no error in overruling the demurrer to it.

This leaves for discussion the second specification of the assignment of errors, which challenges the action of the court in overruling appellant's motion for a

new trial. There are twenty-two reasons assigned in support of appellant's motion for a new trial. The first does not present any question. The second is that the damages are excessive. The third is that the verdict is contrary to law, and the fourth is that the verdict is not sustained by sufficient evidence. The fifth to the thirteenth, inclusive, relate to the alleged insufficiency of the evidence to sustain the answers to divers interrogatories. The fourteenth to the twenty-second, inclusive, call in question the giving and refusing to give certain instructions.

The determination of the third and fourth reasons for a new trial depends upon the evidence. Appellee insists that the evidence is not in the record, because it does not appear that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions and signed by the judge. In this, however, appellee is in error; for the clerk certifies that the longhand manuscript of the evidence was filed in his office November 9, 1897, "and that afterward the said evidence was incorporated in said bill, etc., and signed by the judge." But it may be suggested that this appeal is prosecuted under the act of March 8, 1897, and it is unnecessary in such case that the record show affirmatively that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in a bill of exceptions. It is sufficient if the record show that it contains the original bill of exceptions, embracing the evidence, and that such bill was presented to and signed by the judge, and filed either in open court or in the clerk's office. *Koontz* v. *Hammond*, *ante*, 76, and cases there cited. All the requisites of the statute cited have been complied with to bring the evidence in the record, and it is properly before us.

It is strongly argued by appellant that the evidence

is insufficient to support the verdict. From what we have said in connection with the allegation of the complaint, the negligence of appellant consisted in suffering the dangerous hole to be and remain in the street, and that the proximate cause of the injury to appellee was caused by driving into the hole, and throwing him out of his wagon. To establish appellant's negligence, it was necessary for the appellee to prove, and for the jury to find, that the hole was in the street. We have examined the evidence with care, and we find that there is an abundance of evidence in the record from which the jury could have found that such a hole existed. True, some witnesses testified that on the morning before the accident occurred, the hole had been filled with crushed stone; but other witnesses testified that the hole was there at the time of the accident, and had not been filled.

In answer to interrogatory five, the jury found as a fact that the holes in the street at and near the place of the accident had not been filled, and in answer to interrogatory six it was found that the holes were there. It was also found as a fact that the hole into which appellee drove could not have been seen by a person driving along the street from the direction in which appellee was driving. Our conclusion is that the general verdict and the answers to the interrogatories are supported by the evidence. In any event, there is evidence in the record from which the jury might have found every material fact essential to appellee's recovery, and which tends to support all the answers to the interrogatories; and hence, under the rule that this court will not weigh the evidence, the verdict must stand, unless there is some other reversible error in the record.

Eight of the reasons assigned by appellant for a new trial were based on the giving and refusing to

give certain instructions, but, if there was any error in this, it is waived by failing to discuss it.

This leaves but one other question for decision, viz: Is the judgment excessive? We have examined the record with very great care, and, from the facts established by the evidence, we cannot say that the amount of the recovery is excessive. As was said in *Courtney* v. *Clinton*, 18 Ind. App. 620: "The rule prevails in this State, that the appellate tribunal will not interfere with the verdict of a jury unless the amount of recovery is so clearly excessive as to indicate that the jury acted from prejudice, partiality, or corruption, or were misled as to the measure of the damages." See, also, *Wolf* v. *Trinkle*, 103 Ind. 355; *Lake Erie, etc., R. Co.* v. *Acres*, 108 Ind. 548; *Louisville, etc., R. Co.* v. *Pedigo*, 108 Ind. 481. In the case before us, appellee was a minister of the gospel. He was severely injured. He was kept from engaging in his profession for some considerable length of time. It appears from the evidence that his injury is permanent; that one of the bones of the left arm was dislocated, and another broken; that the arm would always be shorter than the other; that it was crooked, and would remain so; and that it never would be a perfect arm. Appellee also received other injuries. Under these facts, we cannot say that the jury, in assessing the damages, acted with prejudice, partiality, or corruption, and hence we cannot disturb the verdict as being excessive. We find no error in the record. The judgment is affirmed.