TOWN OF ODON v. DOBBS, BY HIS NEXT FRIEND.

[No. 3,277. Filed November 21, 1900.]

MUNICIPAL CORPORATIONS.— *Negligence.*— *Complaint.*—In an action against a town for damages, the complaint contained allegations showing that in the night-time plaintiff, while riding in a wagon drawn by gentle horses, driven by a careful driver, was, without any fault on his part, thrown from the wagon and injured because of the defective construction of a bridge near the crossing of the two principal streets of the town; and that the defects in the bridge were known to the town, and unknown to the plaintiff and those with her. *Held,* that the complaint stated a cause of action. *pp. 523, 524.*

SAME.—*Streets Must Be Kept In Safe Condition.*—It is the duty of a town to keep its streets in reasonably safe condition, not alone in the center, but from curb to curb. *p. 525.*

Town of Odon *v.* Dobbs.

From the Daviess Circuit Court. *Affirmed.*

*J. W. Ogdon, E. Inman, C. K. Tharp* and *J. Downey,* for appellant.

*W. R. Gardiner, C. G. Gardiner, C. E. Barrett* and *E. A. Brown,* for appellee.

Henley, J.—This was an action by appellee against appellant to recover damages on account of an injury received caused by the alleged negligence of appellant in failing to keep its streets in repair. The complaint is in two paragraphs. The two paragraphs of complaint are substantially the same. Both paragraphs were ineffectually challenged in the lower court by demurrer. The cause was put at issue by an answer in general denial. There was a trial by jury and a verdict in favor of appellee. Over appellant's motion for a new trial, judgment was rendered upon the verdict. Appellant has assigned as error the overruling of its demurrer to each paragraph of complaint, and the overruling of its motion for a new trial.

The facts averred in the complaint, upon which appellant's negligence is based, are that appellant is an incorporated town; that two of the streets most traveled in said town are Main and Elm streets, which streets cross each other at right angles, Main street running east and west, and Elm street running north and south; that Main street is fifty-eight and one-half feet wide, and Elm street is fifty feet wide; that at the intersection of said streets there is and was a ditch or water course two feet deep and eight feet wide, which runs along the north side of Main street between the sidewalk and the wagon road; that in order that the public or persons using said Elm street might travel over said street, coming from the north and turning to the west on Main street, it was necessary that appellant construct and maintain over and across said ditch or water course a bridge or culvert. That at the time said accident occurred appellant disregarding its duty, and regardless of the safety of

the people who might travel over said street, negligently and carelessly constructed and maintained a wooden structure over and across said gutter and ditch, the top of which was covered by twelve planks each about eighteen inches wide. Eight of the planks were sixteen feet long and four of them were fourteen feet long, and they were so placed that at the south side of the west end of said structure the ends of four of the planks did not extend as far west by about two feet as the other planks on the top of the culvert. That appellant had caused said street to be worked in such a manner that there was nothing in the appearance of the street to indicate the whereabouts of said structure or the careless and negligent manner of its construction, all of which appellant well knew. That on the night of the 13th day of February, 1898, appellee, with others, was riding in a heavy wagon returning from church to her home. That the wagon was drawn by two gentle horses driven by a careful driver. That none of the persons in said wagon were familiar with said streets or with said culvert nor with the depth or width of the ditch or water course, and while carefully and prudently proceeding along said Elm street southward, for the purpose of turning west on Main street, and while passing over said culvert, and because of the improper, careless, and negligent manner in which it was constructed, the right-hand wheels of the wagon ran off of the west end of said structure, causing appellee to be thrown from her seat in the wagon, and into said gutter, with great violence, and that the wheels of the said wagon ran against and over appellee before the team could be stopped. That appellee was by said accident permanently and seriously hurt and deformed, all without any fault or negligence upon her part.

We think the complaint states a cause of action. The defective condition of the culvert, the absence of knowledge on the part of appellee of the defect, the knowledge of the appellant that the defect existed, are facts clearly averred in the complaint. Appellee avers in her complaint that

she was injured "while passing over said structure, and because of the improper, negligent, and careless manner of the construction thereof as aforesaid, and not otherwise," and that she was free from any fault contributing to her injury. There are, in our opinion, no special averments tending to show contributory fault upon the part of appellee. It was appellant's duty to keep its streets in a reasonably safe condition for travel, not alone in the center of the street, but from curb to curb. *City of Decatur* v. *Stoops,* 21 Ind. App. 397. The complaint clearly shows the violation of a duty imposed upon appellant and a resulting injury to appellee.

The other questions argued by counsel for appellant relate to the giving and the refusal to give to the jury upon the trial certain instructions. Those given cover every phase of the case as made by the evidence. They were as favorable to appellant as the law applicable to the evidence would justify, and it appears from the evidence that the jury returned a just verdict. *Stockwell* v. *Brant,* 97 Ind. 474; *State* v. *Ruhlman, Ex.,* 111 Ind. 17; *Sanders* v. *Weelberg,* 107 Ind. 266; *Norris* v. *Casel,* 90 Ind. 143; *Woods* v. *Board, etc.,* 128 Ind. 289.

We find no reversible error. Judgment affirmed.