### City of New Albany *v.* Kiefer.

[No. 9,816. Filed May 29, 1919.]

1. **Municipal Corporations.**—*Street and Sidewalks.*—*Duty to Repair.*—It is the duty of a city to keep its streets and sidewalks in reasonable repair and free from dangerous defects to the full width thereof. p. 292.

2. **Municipal Corporations.**—*Defective Sidewalks.*—*Injuries to Pedestrians.*—*Liability.*—Although a city is not an insurer of the

VOL. 70—19

safety of its streets and sidewalks, it is required to keep them in reasonably safe condition for traveling, and failing so to do, it is liable to a pedestrian, exercising reasonable care, who is injured because of defects therein. p. 292.

3. APPEAL.—*Matters Reviewable.*—*Ruling on Motion for New Trial.* —*Briefs.*—*Failure to Set Out Motion.*—Error, if any, in overruling the motion for new trial is waived, where neither the motion nor its substance is set out in appellant's brief. p. 293.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Lena Kiefer against the city of New Albany. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Jewett, Bulleit & Jewett,* for appellant.

*Evan B. Stotsenburg, John H. Weathers* and *George C. Kopp,* for appellee.

NICHOLS, P. J.—The appellee, while traveling on one of the public sidewalks in the city of New Albany, sustained injuries by reason of the defective condition of the said sidewalk, and this action is for damages for the injury received. The complaint was in one paragraph, to which the appellant filed its demurrer with memoranda, which demurrer was overruled by the court, to which ruling the appellant excepted. The case was put at issue on a general denial and submitted to a jury for trial, which returned a verdict for $1,100 in favor of the appellee, $300 of which verdict was remitted by the appellee. Appellant filed its motion for a new trial, which was overruled and it now prosecutes this appeal.

The errors relied upon for reversal are: (1) Overruling of appellant's demurrer to the complaint; (2) overruling of appellant's motion for a new trial as the verdict of the jury was not sustained by sufficient

evidence; (3) the damages assessed by the jury were excessive, and the court erred in overruling appellant's motion for a new trial for that reason.

The complaint avers: That the injury occurred upon Spring street in said city, which was a public street with sidewalks about ten feet wide upon either side for the use of foot passengers; that at the place of the accident involved the sidewalk was made of brick; that on August 13, 1914, the appellant carelessly and negligently suffered and permitted the sidewalk on the north side of said street to be defective and out of repair; that the bricks constituting the pavement were out of place and loose and liable to and would turn under the foot if stepped upon, and that such bricks were a dangerous obstruction to pedestrians using said sidewalk, and that they were liable to be thrown thereby. Appellee says that appellant negligently and carelessly maintained the said sidewalk in an unsafe and dangerous condition, by maintaining and permitting the bricks thereof to be out of place and loose where the public used the same to travel upon, without maintaining or keeping any guard or signal of the existence of the same to notify or warn the public of the location; that such unsafe condition had existed for more than six months prior to the date of the injury, and that appellant, its officers and agents well knew of the existence of such dangerous and unsafe conditions as aforesaid long before the injury to appellee, or by the exercise of ordinary care said appellant, its officers, or agents could have known of the same in time to have repaired it or to have notified appellee of its unsafe condition; but appellee says that she had no knowledge whatever of said dangerous and unsafe condition of said

sidewalk. Appellee says that she was on August 13, 1914, lawfully using said sidewalk, and while using due care she stepped upon one of said loose bricks where others were out of place, and, by reason of the carelessness and negligence of the appellant in maintaining such sidewalks with bricks out of place and loose, her foot turned and she was thrown down upon the hard sidewalk, thereby spraining, injuring, straining and lacerating the tendons, muscles and ligaments of the right foot, right leg and ankle, whereby she was caused to suffer, still suffers and will continue to suffer great bodily pain and mental anguish, and has been permanently injured and crippled, all to her damage in the sum of $3,500.

In discussing its demurrer, appellant says that the complaint failed to show that the appellee was required to use that part of the sidewalk over which she was walking when injured, and that it does not appear that a safe way had not been provided by the appellant on said sidewalk over which the appellee might have traveled at the time of the alleged injury. We do not understand it to be the law that, unless the appellee was required to use the public way, she would be precluded from a recovery for the injuries suffered by reason of such use. It is the duty of the city to keep its streets and sidewalks in reasonable repair and free from dangerous defects to the full width thereof. *City of Decatur* v. *Stoops* (1899), 21 Ind. App. 397, 52 N. E. 623; *Town of Odon* v. *Dobbs* (1900), 25 Ind. App. 522, 58 N. E. 562. It is true, as contended by appellant, that the city of New Albany did not insure the appellee against injury, but, while it is true that such city is not an insurer of the safety of its streets and side-

walks, yet it was required to keep them in a reasonably safe condition for traveling, and, failing so to do, it was liable to a pedestrian passing over them if, while such pedestrian was exercising reasonable care, he was injured because of the defects therein. *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 13 N. E. 256, 2 Am. St. 164; *Higert* v. *City of Greencastle* (1873), 43 Ind. 574. We hold that the complaint was sufficient against demurrer, and that the demurrer was properly overruled.

The appellant in its brief fails to set out either the motion for a new trial or its substance, and, failing so to do, it has waived any errors that may have been committed by the trial court in overruling it. *Tongret* v. *Carlin* (1905), 165 Ind. 489, 75 N. E. 887; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Lee* v. *State* (1912), 177 Ind. 232, 97 N. E. 785; *Harrold* v. *Whistler* (1916), 60 Ind. App. 504, 111 N. E. 79. Even if the second and third assignments of error presented any question as to the ruling of the court upon the motion for a new trial, we have examined the evidence in this case and hold that it was sufficient to sustain a verdict (*City of Valparaiso* v. *Schwerdt* [1907], 40 Ind. App. 608, 82 N. E. 923), and that the damages assessed by the jury, deducting the remittitur, were not excessive.

Judgment is affirmed.