No. 13,755.

## DRONEBERGER v. THE STATE.

CRIMINAL LAW.—*Nuisance.*—*Affidavit and Information.*—*Requirements of.*—
In an affidavit and information charging the erection and maintenance
of a nuisance, by erecting and maintaining near the dwelling-houses of
divers inhabitants of the county a building in which were kept, fed and
slaughtered large numbers of chickens, etc., and in and about which
was deposited offal, thereby creating noisome smells, etc., it is not nec-
essary to describe the particular location of the alleged nuisance, nor
is it necessary to set out the names of the persons near whose dwelling-
houses the same was maintained.

SAME.— *Unnecessary Averments as to Matters of Description Must be Proved as
Alleged.*—Matters of description in an information for the maintenance
of a nuisance, as to the exact location of the same, and as to the names
of the persons whose dwelling-houses are contiguous thereto, though
immaterial and unnecessary, must, if set out, be substantially proved
as alleged.

From the Clinton Circuit Court.

*J. V. Kent* and *M. Bristow*, for appellant.

*M. B. Beard*, Prosecuting Attorney, and *W. A. Staley*, for
the State.

MITCHELL, J.—The appellant was charged and found
guilty of having unlawfully erected and maintained a public
nuisance, in Clinton county, by erecting and maintaining
near the dwelling-houses of divers inhabitants of the county
a building and appurtenances, in and about which he kept,
fed and slaughtered large numbers of chickens, geese and
ducks, and in and about which was deposited offal from the
slaughtered poultry, thereby creating noisome and unwhole-
some smells, etc., to the damage and nuisance of all the in-
habitants of the State then and there being and residing, etc.

An objection is taken to the affidavit and information, be-
cause they do not point out and specifically describe the par-
ticular location of the alleged nuisance.

This was not necessary. No useful purpose would be subserved by stating the exact location of a nuisance, unless there was a request for an order abating the alleged offensive thing or structure. *Wertz* v. *State*, 42 Ind. 161 ; *Howard* v. *State*, 6 Ind. 444.

A further objection to the affidavit and information is, that the names of the persons near whose dwelling-houses the alleged nuisance was erected and maintained are not given.

It has been repeatedly ruled that statements of that character are matters of description merely, and not of venue, and that although they are immaterial and unnecessary, yet if made they must be proved substantially, some of the cases say precisely, as made. *Dennis* v. *State*, 91 Ind. 291 ; *Mergentheim* v. *State*, 107 Ind. 567.

The appellant filed an affidavit upon which he moved the court for a change of venue from Clinton county, on account of the bias and prejudice of the citizens. We are unable to tell from the record whether the motion was overruled or withdrawn. Nothing is disclosed one way or the other. It is immaterial, however, as the case is one in which the granting or refusing a change of venue is wholly within the discretion of the court. Section 1771, R. S. 1881.

Finally, it is contended that the verdict was not sustained by the evidence, in that the proof failed to show that unwholesome and offensive smells were emitted from the appellant's building and premises.

An examination of the record, however, makes it readily apparent that, under the rule of this court, the verdict can not be disturbed for want of evidence.

Judgment affirmed, with costs.

Filed Oct. 15, 1887.