## LEVENTHAL *v.* CRAMPTON.

[No. 7,290. Filed June 20, 1911.]

1. PLEADING.—*Amendment.—Effect, on Appeal.*—A pleading that goes out of the record by reason of its amendment cannot be considered for any purpose on appeal. p. 94.

2. APPEAL. — *Briefs.—Omissions.—Answer.—Demurrer.*—No question is presented, on appeal, as to the sufficiency of an answer to which a demurrer was sustained, where neither the answer nor the demurrer, or the substance of either, was set out in appellant's brief. p. 94.

3. APPEAL.—*Assignment of Errors.—Exclusion of Evidence.—New Trial.*—The exclusion of evidence must be made a ground for a new trial in order to present any question thereon on appeal, and cannot be assigned independently. p. 94.

4. APPEAL.—*Briefs.—Waiver.*—Appellant's failure to set out his motion for a new trial in his brief, on appeal, constitutes a waiver of any question thereon, the court being under no duty to search the record for errors. p. 95.

5. TRIAL.—*Exclusion of Evidence.—Offer.*—To save any question on the exclusion of evidence, the offer of proof must precede the ruling upon the objections thereto. p. 95.

6. APPEAL.—*Failure to Point out Error.*—Appellant's failure to point out how he was prejudiced by a ruling of the court constitutes a waiver of the alleged error. p. 95.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Harry C. Crampton against Isaac Leventhal. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*H. J. Baker, Charles S. Batt* and *Hughes & Caldwell,* for appellant.

*Josiah T. Walker,* for appellee.

ADAMS, J.—Action by appellee against appellant to collect a commission alleged to be due to appellee, as a broker, in procuring the exchange of a stock of goods, belonging to appellant, for certain real estate.

Under the head of "What the Issues Were," appellant in his brief makes the following statement: "The complaint was in one paragraph, and alleged that appellee was a broker; that he had been employed by appellant to procure for him a trade for a stock of goods belonging to appellant; that he did much work in securing one willing to trade for said stock, that he brought to appellant Albert C. Barley, with whom appellant entered into a written contract to trade said stock of goods, and that appellee's services were reasonably worth $400. Appellant answered in two paragraphs. The first was a general denial, and the second alleged fraud and misrepresentation on the part of appellee in procuring appellant to enter into the contract with Albert C. Barley. A demurrer was sustained to said second paragraph of answer, and it was amended and refiled. A demurrer was sustained to said amended second paragraph of answer, and it was again amended and refiled, to which amended second paragraph of answer a demurrer was sustained. The cause was then submitted to a jury for trial, and judgment was rendered against appellant for $315 and costs."

In addition to the statement just quoted, appellant's brief, by way of recital, shows that a number of instructions were tendered by appellee and given by the court, and that four instructions were tendered by appellant and refused by the court; that appellant filed a motion and reasons for a new trial, which motion was overruled by the court, and time was given in which to file a bill of exceptions. No further statement of the record appears in appellant's brief.

The errors assigned and relied upon for reversal are as follows: The court erred (1) in sustaining appellee's demurrer to appellant's second paragraph of answer; (2) in sustaining the demurrer to appellant's second paragraph of amended answer; (3) in sustaining the demurrer to appellant's further amended second paragraph of answer; (4) in refusing to permit appellant to prove under his general denial all the terms of the contract between appellant and appellee; (5) in overruling appellant's motion for a new trial.

1. The error predicated upon the sustaining of the demurrer to the second paragraph of answer evidently relates to the demurrer to said paragraph as finally amended. A pleading that goes out of the record by reason of its amendment cannot be considered for any purpose on appeal. Neither this paragraph of answer as amended, nor the demurrer thereto, or the substance of either,

2. is set out or argued in appellant's brief. This specification of error must therefore be deemed to be waived under the rules of this court.

3. The fourth specification of error — that the court erred in refusing to permit appellant to make certain proof on the trial — does not constitute ground for an independent assignment of error. Errors of law occurring at the trial must be included in the motion for a new trial.

The fifth specification of error is not available, for the reason that neither the motion for a new trial nor the sub-

stance thereof is set out in appellant's brief. In argu-
ment, however, appellant's counsel say that they prof-
fered certain material evidence by competent wit-
nesses, and that the court refused to permit such evidence
to be introduced, which refusal was assigned as one of the
reasons for a new trial. While we are not required to search
the record for errors to reverse a case, which appellant has
not pointed out, we have in this case examined the record,
and find that in each instance the offer to prove was
made after the court had ruled upon the objections
made to the several questions propounded, and no
ruling appears on such offers to prove. Under repeated
decisions, no question is presented by a record of this kind.
*Gunder* v. *Tibbits* (1899), 153 Ind. 591; *Standish* v. *Bridge-
water* (1902), 159 Ind. 386; *Shenkenberger* v. *State* (1900),
154 Ind. 630; *Siple* v. *State* (1900), 154 Ind. 647; *Whitney*
v. *State* (1900), 154 Ind. 573; *Wilson* v. *Carrico* (1900), 155
Ind. 570; *Mark* v. *North* (1900), 155 Ind. 575; *State, ex rel.,*
v. *Cox* (1900), 155 Ind. 593; *Chicago, etc., R. Co.* v. *Linn*
(1902), 30 Ind. App. 88; *Farmers, etc., Ins. Co.* v. *Yetter*
(1902), 30 Ind. App. 187.

Counsel, in argument, state that certain instructions ten-
dered by appellee were refused by the court, but
how appellant could be injured by such refusal is not
disclosed. There was clearly no error in overruling
the motion for a new trial.

As this is the only question presented by the brief, the
judgment is affirmed.