## SCOTT *v.* THE STATE OF INDIANA.

[No. 22,049.   Filed October 25, 1911.]

1. APPEAL.—*Duty of Presenting Error.*—*Presumptions.*—The presumption is that the rulings of the trial court were correct; and it is incumbent upon the appellant to present a transcript affirmatively showing the commission of error.   p. 383.
2. CRIMINAL LAW.—*Motions to Quash.*—*Ruling.*—A transcript showing merely that "defendant now moves to quash the indictment herein, which said motion is by the court overruled, to which ruling of the court defendant excepts," does not properly present any error, no ground for such motion being given.   p. 383.
3. CRIMINAL LAW.—*Motions to Quash.*—*Sufficiency.*—A statutory motion to quash an indictment bears the same relation to the indictment that a general demurrer does to a complaint under the civil code, and it should allege generally or specifically some statutory ground therefor.   p. 383.
4. CRIMINAL LAW.—*Appeal.*—*Briefs.*—Where appellant's brief fails to set out in words, or substance, the motion for a new trial, no question thereon can be considered.   p. 384.

From Whitley Circuit Court; *Luke H. Wrigley*, Judge.

Prosecution by The State of Indiana against Durant C. Scott.   From a judgment of conviction, defendant appeals. *Affirmed.*

*Benton E. Gates* and *David V. Whiteleather*, for appellant.

*Thomas M. Honan*, Attorney-General, *Edwin Corr*, *Thomas H. Branaman* and *James E. McCullough*, for the State.

Cox, J.—Appellant, who was a druggist, was convicted in the court below, after a trial by jury, of selling intoxicating liquor, in violation of §2 of the act of 1907 (Acts 1907 p. 689, §8352 Burns 1908).

Error is assigned on the action of the trial court in over-

ruling appellant's motion to quash the indictment on which he was tried, and in overruling his motion for a new trial.

The presumption is in favor of the regularity and legal correctness of the action of the trial court in its rulings on matters prior to, and during the progress of the 1. trial, and therefore it is incumbent on appellant, who asserts error in such matters, to present a transcript that affirmatively shows the commission of the error of which complaint is made. The record in 2. this case, after the formal showing of the presence of attorneys for the State and for the defendant, contains the following: "Defendant now moves to quash the indictment herein, which said motion is by the court overruled, to which ruling of the court defendant excepts." No other reference to a motion to quash or the action of the court thereon is contained in the transcript before us. The record does not show on what ground the motion to quash was made, or that any cause for quashing the indictment was made the basis for the motion, and we cannot presume, in aid of appellant's charge of error, and against the correctness of the court's ruling, that any cause for such action was stated.

The criminal code (§2065 Burns 1908, Acts 1905 p. 584, §194) grants to a defendant the right to move to quash an indictment against him, when it appears upon the 3. face thereof (1) that the grand jury that found the indictment had no legal authority to inquire into the offense charged; (2) that the facts stated in the indictment do not constitute a public offense; (3) that the indictment contains matter which, if true, would constitute a legal justification of the offense charged, or other legal bar to the prosecution; (4) that the indictment does not state the offense with sufficient certainty.

It has been held that our statutory motion to quash an indictment bears the same relation to an indictment that a general demurrer does to a complaint under our civil code.

*Davis* v. *State* (1879), 69 Ind. 130, 134; Gillett, Crim. Law (2d ed.) §767.

It would not for a moment be contended that a complaint could be challenged so as to compel a ruling in favor of one who merely presented to the court the bare statement that defendant "demurs to the complaint," without setting out any recognized ground for the demurrer. So in a criminal case, if the defendant does no more than "move to quash the indictment herein," without at the same time stating, at least generally, one of the legal grounds for quashing or setting aside the indictment, the action of the court in overruling the motion cannot be successfully questioned. We have no means of knowing from this record whether appellant presented to the trial court the reason given in his brief in this court that the indictment in this case should be quashed, or some other reason, or none whatever. The record, therefore, does not present the question as to the correctness of the court's action.

Appellant's brief does not comply with the rules of this court so as to invoke an expression on the question whether the court erred in overruling appellant's motion for 4. a new trial. It is argued by counsel for appellant that the trial court erred in giving a certain instruction to the jury, in admitting certain evidence, and in excluding other evidence, but neither appellant's motion for a new trial nor the substance of it is set out in appellant's brief, as required by clause five of rule twenty-two of this court. We cannot know, without searching the record, whether the matters complained of were presented to the trial court for correction, if wrong, through a motion for a new trial. Under the often repeated decisions of this court, no question is presented on the motion for a new trial. *Tongret* v. *Carlin* (1905), 165 Ind. 489; *Thieme & Wagner Brew. Co.* v. *Kessler* (1911), 47 Ind. App. 284; *Leventhal* v. *Crampton* (1911), 48 Ind. App. 92.

The judgment of the lower court is affirmed.