# HAWKS *v.* THE STATE OF INDIANA.

[No. 21,938.    Filed December 7, 1911.]

INTOXICATING LIQUORS.—*Sales by Druggists.—Application.—Essentials.—Evidence.*—Evidence that defendant, a druggist and licensed pharmacist, wrote an application for liquor for a young man whom he did not know, calling for one quart of whisky,

and purporting to be for medicinal purposes, that defendant indorsed thereon that he believed the liquor was desired for such purpose, that the application was signed by the initials only of the applicant's Christian name, and that defendant sold such liquor to such applicant for one dollar, justifies a conviction, though the applicant testified that he was not in the habit of becoming intoxicated, the statute (§8352 Burns 1908, Acts 1907 p. 689, §2) requiring the vendor to know that the applicant is not "in the habit of using intoxicating liquors as a beverage," and requiring the vendee to write the application and to sign it with his "full and correct name."

From Elkhart Circuit Court; *James S. Drake,* Judge.

Prosecution by The State of Indiana against Lewis Hawks. From a judgment of conviction, defendant appeals. *Affirmed.*

*Lou W. Vail,* for appellant.

*Thomas M. Honan,* Attorney-General, *Edwin Corr, Thomas H. Branaman* and *James E. McCullough,* for the State.

Cox, J.—Appellant, a druggist and licensed pharmacist, was tried by the court below, without the intervention of a jury, for selling a quart of whisky without a physician's prescription therefor, or an application written and signed by the purchaser, in violation of §2 of the act of 1907 (Acts 1907 p. 689, §8352 Burns 1908). From a conviction in the trial court he appeals, and assigns error on the action of that court in overruling his motion to quash the affidavit on which he was tried and in overruling his motion for a new trial.

To the extent that the motion to quash and the ruling thereon are involved, the record in this case discloses the same defect as that in the case of *Scott* v. *State* (1911), *ante,* 382, and for the reasons there given no questions as to the correctness of the trial court's ruling on the motion to quash is presented.

Counsel for appellant, in an interesting brief, earnestly contends that the finding of the court is contrary to law and not sustained by sufficient evidence.

The testimony of the buyer, together with an application to purchase the whisky, and defendant's indorsement there-

on, constitute all the evidence given in the cause. This sole witness, Orby A. Peffly, a young man twenty years of age and a workman in a factory in the city of Goshen, testified that he went to appellant's drug store and asked for a pint of whisky, but that appellant said he would not sell him that amount; that he then asked for a quart, and appellant said "All right," and wrote out the application, which the witness signed, gave appellant $1, and got the whisky, which he took with him to the factory; that witness did not have a prescription from any physician, and appellant asked for none; that witness had been in the store before and made purchases, but could not say that he ever before bought anything from appellant himself; that he did not tell appellant that he wanted the whisky for medicinal purposes; that he did not read what appellant wrote, and appellant did not read it to him, but he knew it was an application for the purchase of whisky for medicinal purposes; that he was not in the habit of becoming intoxicated.

The application and appellant's indorsement thereon are as follows:

"1/21/11

I hereby apply to D. H. Hawks for 1 qt. of whisky, to be used for medicinal purposes only.

O. A. Peffly.

In my opinion the above-named applicant desires the liquor mentioned for the purpose named, and for no other purpose.

L. K. Hawks 1/21/11."

The section on which this prosecution is based provides, as one of the conditions on which a druggist or pharmacist may sell intoxicating liquors to one making the personal application therein provided for, that the applicant must be one personally known to the seller, and who is known by him "not to be a person in the habit of using intoxicating liquors as a beverage." It does not appear from the evidence either that appellant personally knew the man who purchased the whisky, or that he knew he was not in the habit of using in-

toxicating liquors as a beverage; but the contrary inference is justifiable.

Indeed, it does not appear that the witness was not in the habit of using intoxicating liquor as a beverage. His testimony that he was not in the habit of becoming intoxicated did not preclude the fact that he might habitually use intoxicating liquors as a beverage. If appellant sold the whisky to Peffly and at the time Peffly was not personally known to him, or if he sold to Peffly without knowing him "not to be a person in the habit of using intoxicating liquors as a beverage," such sale would be unlawful under the provisions of the statute in question, even if the application conformed in all respects to its requirements, and in the face of this evidence we cannot say that the trial court's finding of guilty is not sustained by the evidence. *Ryan* v. *State* (1910), 174 Ind. 468.

Moreover, the evidence shows, without contradiction, that appellant himself wrote the application, and that Peffly did not sign his full name. In this respect the conditions in the law, upon which a druggist may lawfully sell intoxicating liquors, were violated in two particulars. Section 8352, *supra,* provides that the application shall not only be signed by the buyer "in his full and correct name," but that it shall be written by him. See *Ryan* v. *State, supra,* where this question is given thorough consideration.

The evidence would seem to support the inference that appellant gave rather a quick and inconsiderate assent to Peffly's request for whisky, and we cannot say that the trial court did not justly and lawfully convict him.

The judgment is affirmed.