## GILMORE v. STATE OF INDIANA.

[No. 22,019.   Filed February 14, 1912.]

1. CRIMINAL LAW.—*Appeal.*—*Presenting Ground for Review.*—*Motion to Quash.*—Where a motion to quash an indictment fails to state one or more of the grounds specified in §2065 Burns 1908, Acts 1905 p. 584, no question as to the correctness of overruling such motion can be presented on appeal. p. 148.

2. CRIMINAL LAW.—*Appeal.*—*Presenting Ground for Review.*—*Motion for New Trial.*—*Brief.*—Where appellant fails to set out in his brief the motion for a new trial, or the substance thereof, or the grounds assigned therefor relied on for reversal, no question is presented as to the correctness of overruling such motion. p. 149.

From Pike Circuit Court; *John L. Bretz,* Judge.

Prosecution by the State of Indiana against Albert Gilmore. From a judgment of conviction, the defendant appeals. *Affirmed.*

*J. W. Wilson* and *J. W. Brumfield,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr,* and *James E. McCullough,* for the State.

MONKS, J.—Appellant, a druggist, was tried and convicted of the offense of selling one quart of whisky, in violation of law. The only errors assigned call in question the action of the court in overruling (1) "the motion to quash each count of the indictment, and (2) the motion for a new trial."

When a motion to quash an indictment is overruled by a court in this State, it is settled that unless said motion states one or more of the grounds for quashing an indictment specified in §2065 Burns 1908, Acts 1905 p. 584, no question as to the correctness of such ruling of the court can be presented on appeal. *Scott* v. *State* (1911),

176 Ind. 382, 96 N. E. 125; *Hawks* v. *State* (1911), 176 Ind. 602, 96 N. E. 593.

The record in this case does not show that any ground was assigned in the motion to quash the indictment, and for this reason no question as to the correctness of the action of the court in overruling said motion is presented by the record.

The Attorney-General insists that no question is presented as to the action of the court in overruling appellant's motion for a new trial, for the reason that "appellant has not 2. set out said motion or the substance thereof in his brief as required by clause five of rule 2" of this court.

It has uniformly been held that if appellant does not set out in his brief the motion for a new trial or the substance thereof, or grounds assigned therefor, relied on for reversal, no question as to the correctness of the court's action in overruling said motion is presented. *Scott* v. *State, supra,* and cases cited. See, also, *Hawks* v. *State, supra.*

Judgment affirmed.

NOTE.—Reported in 97 N. E. 422. See, also, under (1) 22 Cyc. 417; (2) 12 Cyc. 877.