## BARNETT *v.* STATE OF INDIANA.

[No. 22,045. Filed February 21, 1912. Rehearing denied May 8, 1912.]

1. CRIMINAL LAW.—*Appeal.*—*Ruling on Motion for Change of Venue.*—*Manner of Presenting Question.*—Alleged error in overruling a motion for change of venue, to be considered on appeal, should be assigned as cause for a new trial. p. 462.

2. CRIMINAL LAW.—*Appeal.*—*Motion for New Trial.*—*Failure to Set Out in Briefs.*—*Waiver.*—Appellant's failure to set out in his brief the motion for a new trial, or its substance, waives his right to a consideration thereof on appeal. p. 462.

3. CRIMINAL LAW.—*Appeal.*—*Presenting Question for Review.*—*Motion to Quash.*—*Motion Not in Record.*—Where a motion to quash the affidavit does not appear in the record, and nothing appears therein to indicate the reasons presented to the trial court in support of the motion, no question is presented on appeal as to the correctness of the ruling thereon. p. 462.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Prosecution by the State of Indiana against Roscoe Barnett. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Asa H. Boulden* and *F. G. Christian,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr,* and *James E. McCullough,* for the State.

MORRIS, C. J.—Appellant was found guilty by a jury in the court below, on an affidavit charging him with being found in the possession of intoxicating liquors for the purpose of illegal sale, under §8351 Burns 1908, Acts 1907 p. 689.

From a judgment on the jury's verdict, this appeal is prosecuted.

The only errors assigned, and not waived by the failure of appellant to discuss them in his brief, are (1) the overruling of his motion to quash the affidavit; (2) the overruling of his motion for a change of venue from the county;

(3) the overruling of his motion for a change of venue from the judge; (4) the overruling of his motion for a new trial.

From appellant's brief, it appears that the alleged errors of the lower court in overruling the motions for a change of venue from the county and, from the judge are as-

1. signed here as independent errors. These alleged errors should have been assigned as causes for a new trial, and they cannot be considered as independent assignments of error. *Berlin* v. *Oglesbee* (1879), 65 Ind. 308, and cases cited; *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257, 76 N. E. 973, and cases cited.

Appellant has failed to set out in his brief the motion for a new trial, or the substance thereof. This failure waives his right to a consideration by this court of any mat-

2. ter set out in the motion. Rule twenty-two, of this court; *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125.

The record discloses that a motion to quash the affidavit was filed, but the motion itself does not appear in the record; nor does anything appear therein to indicate what

3. reasons, if any, for quashing the affidavit were presented to the trial court. Therefore, no question, as to the correctness of the court's action in overruling the motion to quash the affidavit appears in the record. *Scott* v. *State, supra.*

As nothing is properly presented for review by this court, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 530. See, also, under (1) 12 Cyc. 822; (2) 12 Cyc. 886; (3) 12 Cyc. 865.