## LEE *v.* STATE OF INDIANA.

[No. 22,014.   Filed March 8, 1912.]

1. CRIMINAL LAW.—*Appeal.*—*Presenting Grounds for Review.*— *Sufficiency of Evidence.*—*Instructions.*—The sufficiency of the evidence to sustain the verdict, and the action of the court in giving or refusing to give instructions, are matters which must be first submitted to the trial court by motion for a new trial before they can be presented for decision on appeal.   p. 233.

2. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Failure to Set out Motion for New Trial.*—Where neither the motion for a new trial, nor the substance thereof, is set out in appellant's brief, the correctness of the ruling on the motion will not be considered.   p. 233.

3. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Contents.*—*Rules.*—Where it appears that defendant was convicted of larceny of a note on evidence that he obtained the note by fraud from one sustaining a relation of confidence to him, and that he is at liberty under a suspended sentence, there is nothing to justify a departure from the rule requiring the motion for a new trial or its substance to be set out in appellant's brief and a consideration of the questions sought to be presented.   p. 233.

From Criminal Court of Marion County (39,489) ; *Joseph T. Markey,* Judge.

Prosecution by the State of Indiana against Parker O. Lee. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William D. Headrick* and *Samuel K. Ruick,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr, James E. McCullough,* for the State.

Cox, J.—Appellant was indicted for grand larceny, alleged to have been committed by him by stealing a promissory note for $700. He was duly tried and found guilty by a jury. On this verdict the presiding judge rendered judgment that appellant be fined $1 and imprisoned for an indeterminate period of from one to fourteen years in the state prison, but that the judgment and sentence be suspended during good behavior of appellant, and that he be released until the further order of the court.

The questions sought to be presented for decision by this appeal relate to the sufficiency of the evidence to sustain the verdict, and to the action of the court in giving

1. and refusing to give instructions. These are all questions which are first required to be submitted to the trial court for correction in a motion for a new trial. Appellant has assigned as error the overruling of his motion for a new trial. This motion for a new trial is not set out in appellant's brief nor is the substance of it as such.

2. We are merely referred to the page of the record where, it is stated, it may be found. This is not sufficient to comply with clause five of rule twenty-two of this court and its purpose. *Tongret* v. *Carlin* (1905), 165 Ind. 489, 75 N. E. 887; *Henderson* v. *Henderson* (1906), 165 Ind. 666, 75 N. E. 269; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125.

There is nothing in this appeal which would justify a departure from the requirements of the rule so as to give full consideration to the question sought to be presented.

3. The purpose of the appeal is, obviously, not to relieve appellant from an unjust imprisonment, for he is at liberty. But it is to attempt to expunge a record of conviction which clouds his good fame. The latter purpose would doubtless be as desirable to appellant as the former, if he were clearly an innocent man, guiltless of moral turpitude. That appellant obtained the note in question from a young woman, who was the owner of it and who sustained a rela-

tion of some confidence to appellant, by fraudulent means is scarcely controverted, although it is contended that his acts did not amount to larceny.  See, however, *Newby* v. *State* (1911), 175 Ind. 515, 94 N. E. 817, where it was held that the facts, quite similar to those in this case, would justify a conviction for larceny.

No question is raised by the State as to the right of appellant to appeal from a judgment from the penalty of which he has been relieved by its terms, suspending its execution, and we decide nothing as to that question.

No question being presented, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 785.  See, also, under (1) 12 Cyc. 823; 4 Ann. Cas. 304; (2) 12 Cyc. 877; (3) 12 Cyc. 877.