## LEACH v. STATE OF INDIANA.

[No. 22,037. Filed March 8, 1912.]

1. CRIMINAL LAW.—*Appeal.—Presentation of Grounds for Review. —Motion to Quash.*—Unless a motion to quash an indictment states one or more of the grounds specified in §2065 Burns 1908, §194 Acts 1905 p. 584, no question as to the correctness of overruling such motion can be presented on appeal. p. 236.

2. CRIMINAL LAW.—*Change of Venue.—Discretion of Court.*—In all cases not punishable by death, the granting of a motion for a change of venue, on the ground of bias and prejudice existing in the county, is within the discretion of the trial court, and a cause will not be reversed for refusal to grant a change of venue unless it affirmatively appears that such discretion has been abused. p. 236.

3. CRIMINAL LAW.—*Change of Venue.—Affidavits to Support Motion.—Counter Affidavits.—Abuse of Discretion Not Shown.*—The fact that affidavits in support of a motion for change of venue are signed by a greater number of citizens than the counter affidavits, does not show an abuse of discretion in refusing to grant the change. p. 237.

4. CRIMINAL LAW.—*Indictment.—Dismissal of One Count Not Ground for Reversal of Conviction on Another.*—Where defendant was put upon trial on an indictment containing two counts, and at the close of the evidence the second count was dismissed, such dismissal is no ground for reversal of a judgment of con-

viction on the first count, although it may have worked an ac-
quittal of the offense charged in the second count.    p. 237.

5.   CRIMINAL LAW.—*Jury.—Competency of Jurors.—Knowledge of
Defendant's Reputation.*—Under §2101 Burns 1908, Acts 1905 p.
584, §230, the fact that a juror knows the general reputation for
morality of a defendant in a criminal case is bad, is not ground
for challenge for cause.    p. 238.

6.   CRIMINAL LAW.—*Harmless Error.—Challenge of Jurors.*—Where
it appears that defendant already possessed information enabling
him to exercise his right of peremptory challenge as intelligently
as he could if the jurors had been permitted to answer the ques-
tion whether defendant's general reputation was good or bad,
he was not prejudiced in any substantial right by the court's
refusal to permit such question to be answered.    p. 238.

7.   CRIMINAL LAW.—*Appeal.—Harmless Error.—Admission of Evi-
dence.*—The erroneous admission of testimony is not ground for
reversal where the verdict is fully sustained by other testimony
in the cause.    p. 238.

8.   CRIMINAL LAW.—*Appeal.—Technical Errors.—Statute.*—Under
§2221 Burns 1908, Acts 1905 p. 584, §334, technical errors, defects
or exceptions to any decision or action of the trial court, which
do not prejudice the substantial rights of the defendant, will be
disregarded on appeal.    p. 239.

9.   CRIMINAL LAW.—*Appeal.—Presenting Ground for Review.—
Briefs.—Waiver of Error.*—An alleged error or point not con-
tained in the statement of points in appellant's first brief is
waived.    p. 239.

10.   CRIMINAL LAW.—*Appeal.—Abstract Statements.—No Grounds
for Review.*—Mere abstract statements of law or fact, or both,
unless applied specifically to some particular ruling or action of
the court present no question on appeal.    p. 240.

From Sullivan Circuit Court; *William H. Bridwell,*
Judge.

Prosecution by the State of Indiana against George W.
Leach.   From a judgment of conviction, the defendant ap-
peals.   *Affirmed.*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Brana-
man, Edwin Corr* and *James E. McCullough,* for the State.

MONKS, J.—Appellant was tried and convicted of the of-
fense of unlawfully keeping, running and operating a place
where intoxicating liquors were sold, bartered and given

away in violation of the laws of the State. §8351 Burns 1908, Acts 1907 p. 689. The errors assigned call in question the action of the court in overruling appellant's motion to quash the indictment and his motion for a new trial.

When a motion to quash an indictment is overruled, it is settled in this State that unless said motion states one or more of the grounds for quashing an indictment 1. specified in the statute (§2065 Burns 1908, Acts 1905 p. 584, §194), no question as to the correctness of such ruling can be presented on appeal. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Hawks* v. *State* (1911), 176 Ind. 602, 96 N. E. 593; *Gilmore* v. *State* (1912), *ante,* 148, 97 N. E. 534.

The record does not show what ground, if any, was assigned to sustain the motion to quash the indictment. For this reason no question as to the correctness of the action of the court in overruling said motion is presented by the record.

The first ground assigned for a new trial is that the court erred in overruling appellant's motion for change of venue.

Appellant filed an affidavit for a change of venue from Sullivan county, on account of the "general excitement and prejudice against him among the inhabitants of said county." Affidavits of certain citizens of said county were filed in support of appellant's motion for a change of venue. Counter-affidavits of a number of citizens of said county, that appellant could have a fair and impartial trial in said county, were filed by the State.

In all cases not punishable by death, the granting of a motion for a change of venue, on the ground of bias and prejudice existing in the county, is within the discretion 2. of the trial court (§2078 Burns 1908, Acts 1905 p. 584, §207), and to warrant a reversal by this court on account of the refusal to grant a change of venue, it must affirmatively appear that this discretion has been abused. No abuse of discretion is shown in this case. *Hinkle* v. *State*

(1910), 174 Ind. 276, 278, 91 N. E. 1090, and cases cited; *Conrad* v. *State* (1896), 144 Ind. 290, 294-297, 43 N. E. 221, and cases cited; *Droneberger* v. *State* (1887), 112 Ind. 105, 106, 13 N. E. 259.

The mere fact that the affidavits in support of the application for change of venue were signed by a greater number of citizens than the counter-affidavits, did not require the court to grant the change of venue nor show an abuse of discretion in refusing to grant it. *Conrad* v. *State, supra,* 294-297.

3.

The indictment against appellant contained two counts: the first charging the keeping of a place where intoxicating liquors were sold in violation of the statutes of this State, and the second charging a sale of one pint of intoxicating liquor without a license.

4.

At the close of the evidence, the court on motion of the prosecuting attorney, dismissed the second count, over the objection of appellant. Appellant insists that the court erred in dismissing said count, and urges said action of the court as a ground of reversal.

It is settled in this State that when a defendant in a criminal prosecution, who has entered a plea of not guilty, is put on trial on a valid indictment or information before a jury lawfully impanelled and sworn, and the indictment or information, or a count thereof, is dismissed over his objection, he cannot be again tried on the indictment, information or count thereof so dismissed, for the reason that he has been once in jeopardy, within the constitutional meaning of that term, as to such indictment, information or count thereof. Gillett, Crim. Law (2d ed.) §§31, 785; *Hensley* v. *State* (1886), 107 Ind. 587, 589, 590, 8 N. E. 692, and cases cited; *State* v. *Reed* (1907), 168 Ind. 588, 81 N. E. 571, and cases cited.

While the dismissal of the second count may have worked an acquittal of the offense charged therein, it furnishes no

ground for a reversal of the judgment of conviction on the first count of the indictment. *Hensley* v. *State, supra; State* v. *Reed, supra.*

In the examination by appellant on their *voir dire* of persons called to sit as jurors, it was ascertained that ten of them knew the people generally in the community, and were acquainted with the general reputation of appellant for morality in the neighborhood where he resided. The court, on objection by the State, refused to permit each of said persons to answer the question whether that general reputation was good or bad, appellant stating to the court that the answers to said question would be that it was "bad." It is insisted by appellant that each of said ten persons should have been permitted to answer said question, "not only for the purpose of showing a ground for a challenge for cause, but also to elicit such facts as would have enabled him to exercise his right of peremptory challenge intelligently."

The fact that a juror knows the general reputation for morality of a defendant in a criminal case to be bad, is not a ground for a challenge for cause. §2101 Burns 1908, Acts 1905 p. 584, §230. Appellant's statement that the answer to said question by each person would be that it was "bad", shows that he already had the information he sought by the question, and could exercise his right of peremptory challenge as intelligently as if the court had permitted the question to be answered. It does not appear, therefore, that appellant was prejudiced in any of his substantial rights by said ruling of the court.

It is claimed by appellant that the court, over the objection of appellant, permitted one Meagher, a witness for the State, to refresh her memory from a memorandum, without a proper showing that it was one which the law permitted to be used for that purpose, and also that the court refused to require said witness to deliver said memorandum to counsel for appellant for examination when she was testifying as a witness. Complaint is made by ap-

pellant of these rulings of the court, and they are urged as grounds for reversal. See, on this subject, 1 Wigmore, Evidence §§734-764.

Assuming that said rulings were made, as claimed, and conceding, without deciding, that they were erroneous, they furnish no ground for reversal, for the reason that if the part of the testimony of said witness which depended on said memorandum were eliminated, the verdict of the jury is clearly and fully sustained by the remaining testimony of said witness and the other evidence in the cause, and the jury could not have done otherwise, in the discharge of its duty than to convict appellant thereon. Under §2221 Burns 1908, Acts 1905 p. 584, §334, we are required to disregard

8.   technical errors, defects or exceptions to any decision or action of the court "which did not", in our opinion, "prejudice the substantial rights of the defendant." No evidence was given on behalf of appellant. The evidence given on behalf of the State, direct and circumstantial, shows, without conflict, that appellant kept, ran and operated a place where intoxicating liquors were disposed of, in violation of the laws of this State, as charged in the first count of the indictment, which is based on §8351, *supra,* and the verdict of guilty is clearly right under the evidence, and is fully sustained thereby. As it is evident that a correct result was reached, and that said rulings did not prejudice any of the substantial rights of appellant, said rulings do not furnish any grounds for reversal. *Dotterer* v. *State* (1909), 172 Ind. 357, 370, 88 N. E. 689, 30 L. R. A. (N. S.) 846; *Sanderson* v. *State* (1907), 169 Ind. 301, 315, 82 N. E. 525.

Under the fifth clause of rule twenty-two, no alleged error or point not contained in the statement of points in appellant's first brief can be raised afterwards, either by

9.   reply brief or by oral or printed argument or on petition for rehearing, but the same is waived. *Bader* v. *State* (1911), 176 Ind. 268, 95 N. E. 1009, 1014, and cases

cited; *Schondel* v. *State* (1910), 174 Ind. 734, 739, 93 N. E. 67, and cases cited.

Mere abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court, although contained in appellant's statement of points, present no question. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460, 78 N. E. 1033, and cases cited; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538.

Having determined all the questions presented by the points contained in appellant's brief, not waived, and finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 792. See, also, under (1) 22 Cyc. 417; (2) 12 Cyc. 896; 74 Am. Dec. 241; (3) 12 Cyc. 249; (4) 22 Cyc. 466; (5) 24 Cyc. 280, 287; (6) 12 Cyc. 916; (7) 12 Cyc. 922; (8) 12 Cyc. 910; (9) 12 Cyc. 886; (10) 12 Cyc. 875. As to right, for purpose of cross-examination, to inspect paper used by witness to refresh memory, see 22 L. R. A. (N. S.) 706.]