## WARD v. STATE OF INDIANA.

[No. 22,308.   Filed May 16, 1913.]

1. CRIMINAL LAW.—*Appeal.*—*Presentation of Questions for Review.*—*Motion for New Trial.*—*Necessity.*—Alleged errors relating to the admission of evidence, and to the overruling of a motion made during the trial to withdraw the submission of the cause from the jury, are not the subjects of independent assignment of error on appeal, but should be presented through the medium of a motion for a new trial.   p. 525.

2. CRIMINAL LAW.—*Appeal.*—*Duty to Show Error.*—It is the duty of one who appeals and complains of error which prevented a fair trial to make an affirmative showing of prejudicial error. p. 526.

3. CRIMINAL LAW.—*Appeal.*—*Presentation of Questions for Review.*—*Motion to Quash.*—*Briefs.*—Where neither the record nor appellant's brief contains a motion to quash, and it is not shown what reasons, if any, were urged in the trial court in support of such motion, no question is presented as to the ruling thereon for review on appeal.   p. 526.

4. CRIMINAL LAW.—*Appeal.*—*Presenting Questions for Review.*—*Motion for New Trial.*—*Briefs.*—Questions arising on the overruling of a motion for new trial are not presented for review on appeal, where neither the motion for new trial nor its substance is set out in appellant's brief, as required by the rules of the Supreme Court.   p. 526.

From Adams Circuit Court; *R. H. Hartford*, Special Judge.

Prosecution by the State of Indiana against William Ward.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*A. P. Beatty* and *L. C. DeVoss*, for appellant.

*Thomas M. Honan*, Attorney-General, and *Thomas H. Branaman*, for the State.

Cox, J.—Section 2647 Burns 1908, §641 Acts 1905 p. 584, provides as follows:  "Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state,  *  *  *  shall, on conviction, be fined not less than

twenty-five dollars nor more than five thousand dollars, and imprisoned in the state prison not less than two years nor more than fourteen years." Appellant was charged by affidavit with violating this provision by conspiring to steal $610 in money. The object of the conspiracy was to induce the owner of the money to part with it through the fraud and artifice of the conspirators that for an initiation fee of $10 he would be inducted into a secret fraternal organization through which he would be enabled to exchange $600 for five times that amount of money represented to be "genuine United States money," a sample of which was shown him for comparison and was identical with money of the same denomination in his possession. The conspiracy was formed and some acts in prosecution of it done in Adams County of this State, but the victim was lured to the state of Ohio where he surrendered his money for exchange. It is scarcely necessary to say that he got no money of any kind in return. But he was given to understand that the officers of the law were alert and suspicious, which made dangerous the immediate delivery to him of the money he expected to get in exchange, and that he had better return home at once and await there the future delivery of the money which he had contracted for at such a great bargain price. After waiting far beyond a reasonable time in vain, the victim complained to the proper authorities and this prosecution was instituted against appellant and another participant. Appellant was tried and found guilty by a jury and from a judgment on the verdict imposing a fine of $200 and imprisonment for the indeterminate period of from 2 to 14 years, he has appealed to this court and has assigned seven specifications of error. Of these

1. alleged errors four relate to the admission of alleged incompetent evidence and one to the overruling of a motion made in behalf of appellant during the trial to withdraw the submission of the cause from the jury on account of the alleged misconduct of a witness in the cause in talk-

ing to one of the jurors during an intermission. These are all matters which should be presented to this court through the medium of a motion for a new trial and none of them can be made the subject of an independent assignment of error.

The two assignments of error properly made are, (1) that the court erred in overruling appellant's motion to quash the affidavit, and, (2) that the court erred in overruling appellant's motion for a new trial. It is the duty of one who appeals and complains of error which prevented a fair trial to make an affirmative showing of prejudicial error. Neither the record nor appellant's brief contains a motion to quash nor is it made to appear what reasons, if any, for quashing the affidavit were presented to the trial court, and no question as to the correctness of the court's ruling on the motion to quash is presented. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Hawks* v. *State* (1911), 176 Ind. 602, 96 N. E. 593; *Barnett* v. *State* (1912), 177 Ind. 461, 97 N. E. 530; *Gilmore* v. *State* (1912), 177 Ind. 149, 97 N. E. 422; *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792; *Blocher* v. *State* (1912), 177 Ind. 356, 98 N. E. 118. Moreover, nowhere in appellant's brief is any defect in the affidavit pointed out and it shows none on its face.

In appellant's brief a number of questions are discussed relating to the admission of evidence which it is claimed was incompetent. And some discussion is devoted to the alleged erroneous action of the court in overruling a motion claimed to have been made by appellant to set aside the submission of the cause to the jury. These are all questions proper to bring here for review through the medium of a motion for a new trial, but appellant's brief does not set out the motion for a new trial nor the substance of it as required by clause 5 of Rule 22 of this court and these questions are, therefore, not presented for consideration. *Scott* v. *State, supra,* and cases there cited; *Gilmore* v. *State,*

*supra; Barnett* v. *State, supra; Lee* v. *State* (1912), 177 Ind. 232, 97 N. E. 785; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870. Furthermore the brief signally fails, in respect to all of these questions, to comply in other respects with the same clause of Rule 22 which requires "a concise statement of so much of the record as presents every error and exception relied upon" and, "under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration."

Judgment affirmed.

Erwin, J., not participating.

NOTE.—Reported in 101 N. E. 809. See, also, under (1) 12 Cyc. 823; (2) 12 Cyc. 887; (3) 12 Cyc. 865; (4) 12 Cyc. 873, 877. As to new trial on the ground of misconduct of juror in conversing with witness, see 134 Am. St. 1045. As to writs of error, their scope and effect, see 91 Am. Dec. 193.