## JENKINS v. STATE OF INDIANA.

[No. 23,545.    Filed November 5, 1919.]

1.  INTOXICATING LIQUORS.—*Affidavit.—Negativing Exceptions.*—
An affidavit charging the defendant with having intoxicating liquors in his possession with intent to sell, etc., in violation of Acts 1917, ch. 4, p. 15, §4, is not insufficient because it fails to negative the exceptions, the exceptions in the statute not being a part of the definition of the offense.  p. 511.

2.  INDICTMENT AND INFORMATION.—*Negativing Exceptions.*—
Where exceptions are in a subsequent section of the statute, or in a proviso of the same section, they need not be negatived. p. 511.

3.  CRIMINAL LAW.—*Appeal.—Grounds of Review.*—Where the defendant chose as grounds of his motion to quash the affidavit that the facts stated were not sufficient to constitute a public offense, he will not be permitted on appeal to attack the affidavit on a different theory; it is only where the court sustains the motion that the court on appeal will look beyond the grounds specified to sustain the court's action.  p. 511.

4.  INTOXICATING LIQUORS.—*Evidence.—Sufficiency to Show Intent.*—The evidence is reviewed and *held* sufficient to show that the defendant was the owner of intoxicating liquor and that he had it with the intent to dispose of it unlawfully as charged. p. 512.

5.  CRIMINAL LAW.—*Arrest of Judgment.—Error Available.*—
Anything in the affidavit that may be cured by evidence is not available in a motion in arrest of judgment.  p. 514.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Prosecution by the State of Indiana against Fossie L. Jenkins.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*Thomas V. Miller* and *Gene Williams,* for appellant.

*Ele Stansbury*, Attorney-General, and *Edward M. White*, for the state.

TOWNSEND, J.—Appellant was charged by affidavit with having intoxicating liquor in his possession with intent to sell, etc.   Acts 1917, ch. 4, p. 15, §4.   He was tried by jury, verdict of guilty was returned, and judgment rendered thereon.   The errors assigned and relied on for reversal are:   (1) The court erred in overruling appellant's motion to quash the affidavit.   (2) The court erred in overruling appellant's motion for a new trial. (3) The court erred in overruling appellant's motion in arrest of judgment.

Appellant's motion to quash the affidavit is based upon the ground that "the facts in said affidavit do not constitute a public offense."   Appellant claims under this heading of error that the affidavit is bad because it fails to negative all of the exceptions in the statute.

The affidavit charges the appellant with having and keeping in his possession nine pints of whisky with the intent to sell, barter, give away, etc., under §4, *supra*.   A charge of this kind under this section need not negative the exceptions in the statute, because they are not a part of the definition of the offense.   When exceptions are in a subsequent section or in a separate proviso in the same section, they need not be negatived.   *Yazel* v. *State* (1908), 170 Ind. 535, 538, 84 N. E. 972; *State* v. *Paris* (1912), 179 Ind. 446, 453, 101 N. E. 497; *State* v. *Sarlin* (1919), *ante* 359, 123 N. E. 800.

Appellant also contends under this heading of error that the affidavit is too indefinite and uncertain; but this is not the ground of appellant's motion.   Having chosen the ground of his motion in the trial court, he will not be permitted to attack the affidavit here on a different theory.   *Gilmore* v. *State* (1911),

177 Ind. 148, 97 N. E. 422. Had the trial court sustained this motion to quash, we would then look beyond the grounds which were specified in the motion to sustain the court's action. *State* v. *Sarlin, supra.* But having chosen the ground stated in the motion, appellant is deemed to have waived his right to question the affidavit for uncertainty.

Under the second error relied on for reversal, appellant presents the sufficiency of the evidence. He specifically claims that there was no evidence from which the jury might have inferred that appellant had the liquor in his possession with the intent to sell, barter, give away, or otherwise dispose of it in violation of law. That is to say, his contention narrows itself to the proposition that there was no evidence to show intent. On this point the evidence shows that appellant boarded an interurban car at Union City, Indiana, on the day that he was arrested. The motorman on that car testified that he observed appellant approaching the car at Union City, and that his attention was more particularly called to appellant by the fact that appellant made a motion which indicated that he was pointing out the motorman to a man who was walking with appellant. This motorman testified that appellant and his companion were observed by him when about fifty feet away; that they approached him, passed by him and boarded the interurban car. This motorman observed that appellant was carrying under his arm a pasteboard box, the same box that was afterwards taken off the car at Winchester, Indiana, when appellant was taken off. The evidence further shows that appellant rode on this interurban car, and at Winchester, Randolph county, Indiana, officers boarded the car and arrested appellant; that when arrested, he had whisky in bottles stored about his clothing, in his pockets and under a sweater which he was wearing. Ap-

pellant's explanation of his possession of the liquor that he had in his pockets and stored about his clothing was that a man who got into this interurban car and sat in the same seat with appellant got up as if to leave the seat temporarily, and began handing appellant bottles of whisky to hold until he returned; that he handed him one bottle and appellant stored that away and then, to use the language of appellant, "he kept on coming with them," until appellant had a number of bottles stored in his pockets and about his clothing. His explanation about the pasteboard box containing liquor was that it was placed under the seat by someone other than himself; that he did not know anything about it until he was taken off the car at Winchester. Appellant's claim was that he owned neither the whisky that was in the box nor the whisky that he had stored about his clothing.

Appellant's explanation of how he came into possession of this liquor is one that the jury, from the circumstances in this case, had a right to disbelieve. They had a right to believe the motorman, who testified that he saw appellant carrying this box when he boarded the car, and that it was the same box that the officers took off the car at Winchester. Appellant's explanation of how he came into possession of the liquor found stored about his clothing is rather remarkable. From appellant's whole story the jury had a right to believe that he was giving a false explanation both as to the ownership and possession of the liquor. Then the next step to infer the unlawful intent seems to us rather easy. We think the evidence was entirely sufficient to show that appellant was the owner of the liquor in question, and that he had it with the intent to unlawfully dispose of it. The court did not err in overruling appellant's motion for a new trial.

The next question presented by appellant is the error of the court in overruling appellant's motion in arrest of judgment. This has already been disposed of by what we have said in the motion to quash. Anything in the affidavit that may be cured by evidence is not available in a motion in arrest of judgment.

The judgment of the trial court is affirmed.

NOTE.—Reported in 124 N. E. 748.