## Briles *v.* State of Indiana.

### [No. 24,653.   Filed January 4, 1927.]

1.   CRIMINAL LAW.—The overruling of a motion for a new trial is not presented for review on appeal where the motion, or its substance, is not set out in appellant's brief.   p. 689.
2.   CRIMINAL LAW.—No question as to the overruling of the motion for a new trial is presented on appeal where the propositions of law stated in appellant's brief are not addressed to any of the specifications for a new trial.   p. 690.

From Orange Circuit Court; *James L. Tucker,* Judge.

Milton Briles was convicted of unlawfully transporting intoxicating liquor, and he appeals.   *Affirmed.*

*Arthur McCart,* for appellant.
*U. S. Lesh,* Attorney-General, for the State.

TRAVIS, J.—The only error which appellant presents upon appeal is, that the trial court erred in overruling his motion for a new trial.   The proposition made to support the allegation of this error is that the evidence admitted was incompetent, and therefore will be regarded as prejudicial.

The brief admits that all the evidence by the state was competent, because the evidence was all admitted without objection by the defendant.   Furthermore,
1.   the motion for a new trial, or the statements of the contents thereof, is not set out in the brief,

whereby it is impossible to know to what particular ruling of the court the point of law is addressed. The evidence is not necessarily incompetent, when introduced by the consent of the defendant, without objection.

Because the two points of law presented by the brief are not addressed to any or some one of the errors pleaded by the motion for a new trial; and because the motion for a new trial is not presented by the brief, no question is presented on appeal. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Ward* v. *State* (1913), 179 Ind. 524, 101 N. E. 809; *White* v. *State* (1915), 182 Ind. 686, 107 N. E. 674.

Judgment affirmed.