MITCHELL *v.* STATE OF INDIANA.

[No. 25,281.  Filed December 3, 1929.]

*Joseph T. Markey*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of the crime of conspiracy to commit a felony. The prosecution was commenced by indictment by the grand jurors of the county of Marion, State of Indiana. The indictment charges that "——, ——, ——, ——, and Ray Mitchell, on or about the 8th day of March A. D. 1926, at and in the county of Marion, and State aforesaid, did then and there unlawfully, knowingly and feloniously, unite, combine, conspire, confederate, and agree to and with each other, for the object and purpose, and with the unlawful and felonious intent to then and there unlawfully and feloniously take, steal and carry away of the personal goods of H. P. Wasson and Company (a corporation), merchandise then and there of the value of twenty-seven ($27) dollars, then and there the property of H. P. Wasson and Company (a corporation), then and there being," etc.

To this indictment, the defendants each entered a plea of not guilty. The case was tried by the court, such trial resulting in a finding of guilty. The judgment upon such finding, as to this appellant, is as follows: "It is further considered, ordered and adjudged by the court that the defendant, Ray Mitchell, for the offense by him committed, do make his fine to the State of Indiana in the penal sum of $25, and that he be imprisoned in the Indiana Reformatory for a term of not less than two (2) nor more than fourteen (14) years, and that he pay and satisfy all costs and charges herein." From such judgment, this appeal is taken.

The record shows the following as to the overruling of appellant's motion for a new trial: "Motion for a new trial is overruled and to which ruling the defendant by counsel at the time excepts."

The only error assigned is that the court erred in overruling appellant's motion for a new trial.

There is nothing in the brief to show what the appellant assigned as error in his motion for a new trial. The brief contains no copy of such motion and no statement of the contents or the substance of the contents of such motion. It is not pointed out in said brief, or any statement made in it, why the finding of the court is contrary to law. The brief wholly fails to point out in its "Points and Propositions" wherein the evidence is insufficient to prove some material element in proof of the crime charged.

In *Briles* v. *State* (1927), 198 Ind. 689, 154 N. E. 659, it is held that the overruling of a motion for a new trial is not presented for review on appeal where the motion or its substance is not set out in appellant's brief. See, also, *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Ward* v. *State* (1913), 179 Ind. 524, 101 N. E. 809; *White* v. *State* (1915), 182 Ind. 686, 107 N. E. 674; *Harito* v. *State* (1923), 193 Ind. 517, 141 N. E. 57; *Simpson* v. *State* (1925), 196 Ind. 499, 149 N. E. 50; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697.

An appellant seeking the reversal of a judgment because the finding of the court was not sustained by sufficient evidence must point out in his brief under the heading of "Points and Authorities," wherein the evidence is insufficient to prove some material element of the crime charged. *Tow* v. *State, supra.*

In *Ward* v. *State, supra,* it is held that it is the duty of one who appeals and complains of error which prevents a fair trial to make an affirmative showing of prejudicial error. Questions arising on the overruling of a motion for a new trial are not presented for review on appeal, where neither the motion for new trial nor its substance is set out in appellant's brief, as

required by the rules of the Supreme Court. See Rule 22 of Supreme Court, clause 5; *Gilmore* v. *State* (1912), 177 Ind. 148, 97 N. E. 422; *Briles* v. *State, supra.*

No error is shown to have been committed in overruling the motion for a new trial.

The judgment is affirmed.