DAY *v.* STATE OF INDIANA.

[No. 26,156.   Filed October 30, 1934.]

274

*Edwin F. McCabe, Edward T. McCabe,* and *A. T. Livengood,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was charged ·by affidavit with the crime of assault and battery with intent to rob. A motion to quash was overruled. After the jurors had been sworn to answer questions and had been examined by the State, appellant filed his motion for a change of venue from the county which was overruled.

Prior to the filing his motion to quash, appellant asked for a change of venue from the judge of the Fountain circuit court which was granted and the Hon. W. N. White was duly selected as special judge to try the cause. Upon the first trial the jury disagreed and

was discharged. After the first trial appellant filed a motion for a change of venue from the special judge which was overruled. He also filed a motion for an elisor and also a motion to appoint a different bailiff, which motions were overruled. Prior to the selection of a jury appellant moved that the examination of each juror touching his competency to sit, be had and held separate and apart and out of the hearing and presence of every other juror or prospective juror, which motion was overruled.

The cause was submitted to a jury for trial and a verdict of guilty as charged by the affidavit was returned.

Appellant filed a motion in arrest of judgment and for a new trial which the court overruled and this appeal followed.

The errors assigned for reversal are:

1. The overruling of his motion to examine the jury separately.

2. Overruling his motion to quash.

3. Overruling his motion for a change of venue from the county.

4. Overruling his motion to disqualify as special judge.

5. Overruling his motion to appoint a new bailiff.

6. Overruling his motion for a new trial.

7. Overruling his motion in arrest of judgment.

Appellant's first assignment of error presents no question on appeal, as any question relative to the selection of the jury should be assigned as a cause for a new trial under clause 1 of sec. 2325, Burns 1926, sec. 9-1903, Burns 1933, §2310, Baldwin's 1934, and not as an independent assignment of error. *Bush* v. *State* (1920), 189 Ind. 467, 128 N. E. 443. No such cause was assigned in his motion for a new trial.

As to appellant's second assigned error, he again pre-

sents no question. Neither the motion to quash nor the substance thereof is contained or set out in his brief and neither is there any reference to where the same may be found in the record. Under such conditions no question as to the correctness of the court's ruling is presented. *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Epstein* v. *State* (1920), 190 Ind. 693, 694, 127 N. E. 441; *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125. This court will not search the record for errors to reverse the cause. The *Huber Mfg. etc.* v. *Blessing et al.* (1912), 51 Ind. App. 89, 99 N. E. 132. It is the duty of appellant to make an affirmative showing of prejudicial error. *Ward* v. *State* (1913), 179 Ind. 524, 101 N. E. 809.

Appellant's third assignment of error, that the court erred in overruling his motion for a change of venue from the county, cannot be sustained. The granting of a change of venue in such a case (the punishment for the crime charged not being death) is within the sound discretion of the court. When the application for a change of venue from the county is made in the language of the statute, and no abuse of discretion is shown, it is not error to overrule the motion. *Pindell* v. *State* (1925), 196 Ind. 175, 147 N. E. 711; *Hinshaw* v. *State* (1919), 188 Ind. 447, 124 N. E. 458. Appellant filed an affidavit in support of his motion for a change of venue from the county, but such affidavit can only be brought into the record by a special bill of exception. No such special bill was filed. The affidavit therefore is not a part of the record in this case. *Perfect* v. *State* (1926), 197 Ind. 401, 409, 141 N. E. 52; *Holland* v. *State* (1892), 131 Ind. 568, 31 N. E. 359.

Appellant's motion that the special judge disqualify himself was overruled and this ruling is assigned as his

fourth assignment of error. This motion does not charge the special judge with bias or prejudice but only alleges that he made certain rulings at the previous trial on legal questions and that he would make the same rulings at this trial. Nowhere does he charge that the rulings made at the first trial were erroneous or made through prejudice of the appellant, or that appellant suffered by reason thereof. The motion was insufficient and was properly overruled. *Hays* v. *Morgan* (1882), 87 Ind. 231. Under the expressed provision of the statute, §2236, Burns 1926, §9-1302, Burns 1933, §2223, Baldwin's 1934, the power of the special judge continues until the cause is finally determined. *Stinson* v. *State* (1869), 32 Ind. 124.

Appellant presents no question on the overruling of his motion to appoint a new bailiff. He has waived this alleged error in his brief by his failure to state any proposition or point or to support same by argument or authority. *Underhill* v.. *State* (1916), 185 Ind. 587, 114 N. E. 88; *Meno* v. *State* (1917), 186 Ind. 4, 114 N. E. 689; *Briese* v. *State* (1926), 198 Ind. 643, 154 N. E. 2.

There was no error in refusing to give instruction No. 3, tendered by appellant as instruction No. 12, given by the court, was in almost the identical language as the one refused and fully and sufficiently covered the law on that point.

Instruction No. 11, refused by the court was as follows:

"I instruct you, gentlemen of the jury, that the good character of the defendant is an element to be taken into consideration by you in determining the question of guilt or innocence. And it matters not, how conclusive the other evidence may be of guilt, if the evidence of the defendant's previous good character, taken in connection with the other evidence, leaves a reasonable doubt on the minds

of the jury as to the defendant's guilt, he is entitled to the benefit of that doubt, and to an acquittal."

It may be that the court erred in refusing to give the jury the foregoing instruction, at the request of appellant; but if it did, the error is not saved by the record before us as to be available to appellant for the reversal of the judgment. The evidence is not in the record, and therefore, we can not and do not know that the instruction above quoted was not properly refused upon the ground that it was wholly inapplicable to the case made by the evidence. In such a case it is well settled that we must presume, in aid of the decision below, that the instruction asked for was not applicable to the case made by the evidence and was for that reason properly refused. *Louisville, etc., R. W. Co.* v. *Harrigan* (1883), 94 Ind. 245 and cases therein cited. *Stewart et al.* v. *State* (1887), 111 Ind. 554, 13 N. E. 59.

Appellant says the court erred in giving instructions Nos. 1 to 15, but does not point out any specific objections. The only point made by appellant under this alleged error is, "Instructions should be correct as abstract propositions of law." He nowhere points out where any of the fifteen instructions complained of are defective and not correct as abstract propositions of law. An assignment that the court erred in giving instructions, without pointing out any particular defect in the instructions, or assigning any reason for review of the court's action in giving them is insufficient to present any question for our consideration. *Hart* v. *State* (1914), 181 Ind. 23, 103 N. E. 846; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; *Underhill* v. *State, supra.*

Appellant says the court erred in overruling his challenge to the array of the jury. Appellant's brief

shows no such challenge and we are unable to find the same anywhere in the record.

The trial court did not err in overruling appellant's motion in arrest of judgment. The charging part of the affidavit is as follows:

". . . that Leslie Day . . . did then ▉ and there unlawfully and feloniously and in a rude, insolent and angry manner touch, beat, strike, and wound John Lyons, then and there being, with the intent then and there and thereby forcibly and feloniously to rob, take and steal from the person of the said John Lyons the personal goods and chattels of the said John Lyons, then and there being, and of value, against the will of the said John Lyons, by violence and by putting him in fear, contrary, etc."

Appellant states only one point under the proposition that the court erred in overruling his motion in arrest of judgment and that is as follows:

"If a material fact is omitted in charging an offense, under the law, a motion in arrest of judgment should be sustained."

He does not point out the material fact which was omitted, but we gather from his argument that the defect complained of is the failure of the affidavit to state the value of the articles taken. This is not such a defect as would justify the court to arrest the judgment. The defect, if in fact it was a defect, was such as could be cured by the evidence and is therefore not available in motion in arrest of judgment. *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748.

We have considered all the questions presented by appellant's brief and find no reversible error.

Judgment affirmed.